Hill v. Gatliff.

R. M. Hill v. J. B. Gatliff.

No. 13,608.  (76 Pac. 428.)

SYLLABUS BY THE COURT.

1. Practice, Supreme Court— *Statement of Contents of Case-made.*  A statement that the "foregoing case-made" contains all the evidence introduced at the hearing, made in the form of a certificate signed by the attorneys of plaintiff in error, immediately following the recital of the proceedings had in the case, and preceding the acknowledgment of service and the certificate of settlement by the judge, will be treated as a part of the case-made.

2. Judicial Sale— *Motion to Set Aside after Two Years.*  A sale of real estate upon execution cannot be set aside upon a motion of defendant filed more than two years after confirmation, showing no reason for such delay, and presenting as grounds of relief only such matters as were necessarily involved in, and determined by, the order of confirmation.

Error from Sumner district court; James Lawrence, judge.  Opinion filed April 9, 1904.  Reversed.

*Hackney & Lafferty*, and *Hackney & Hackney*, for plaintiff in error.

*Haughey & McBride*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: On June 1, 1900, an execution was issued upon a judgment in the district court against J. B. Gatliff. It was levied upon four city lots, which were sold on July 23 following, being bid in by the plaintiff, R. M. Hill. On September 22, 1900, a motion was filed for the confirmation of the sale, in which motion the sale was described as having been made on the 24th of July, 1900. On September 24, 1900, an order of confirmation was made. For some reason an entry of this order upon the journal of the court was not made until more than eighteen months after the sale. The entry, when made, recited a hearing upon the motion to confirm the sale and an order of confirmation, without mentioning the date of the the sale. A certificate of purchase was executed on October 18, 1900, and a sheriff's deed on January 25, 1902. On October 4, 1902, the defendant filed a motion to set aside the sale and the "pretended order of confirmation" upon the following grounds: That the levy was excessive, and that plaintiff caused it to be made for the purpose of defrauding defendant; that the sale was not properly advertised; that it was never confirmed; that the amount bid was grossly inadequate; that no motion was ever filed to confirm the sale. Besides the matters referred to in the motion defendant relied upon a claim that the property sold comprised two distinct, although contiguous, tracts which should not have been sold in gross. The court, after hearing evidence, set aside the sale, the levy, and the confirmation, and the plaintiff, who

was the purchaser, brings this proceeding to reverse such order.

Objections are made to the consideration of the case, based upon two grounds: (1) That matter was inserted in the case-made by plaintiff in error after it had been served and after the expiration of the time allowed for suggesting amendments; (2) that it is not shown that all the evidence is preserved in the record. The facts in relation to the first objection are that after the case had been served upon the defendant the plaintiff discovered that a certain material exhibit had been omitted, whereupon he procured the case-made, corrected the omission, and made a new service, which defendant accepted, all within the time originally fixed for serving the case, and before it was signed and settled. There was nothing objectionable in this. ( *Sloan v. Beebe*, 24 Kan. 343.) In the preparation of the case the plaintiff's attorneys, after setting out the proceedings had with reference to the motion to set aside the sale, added a statement in the form of a certificate made and signed by themselves that the "foregoing case-made" contained (among other matters) all the evidence introduced at the hearing. It is argued that, under the authority of *Winstead v. Standeford*, 21 Kan. 270, this certificate was no part of the case-made, and that its recitals are of no effect. In that case this court disregarded similar statements made in a notice to the opposing attorneys, which was not shown ever to have been served upon them. Here the certificate immediately preceded the acknowledgment of service and was a part of the document served upon the adverse party and afterward settled and signed by the judge as a case-made. If the matter in question were in the form of a mere statement instead of a certificate, and

did not refer to the "foregoing case-made," its efficiency could not be questioned. We do not think these considerations sufficient to render it ineffectual.

Questions as to excessive levy, lack of sufficient notice of sale and inadequacy of price are necessarily involved in, and determined by, the order of confirmation, and ordinarily cannot be relitigated. In this case no special circumstances are shown justifying a reinvestigation of these matters upon motion of the defendant filed. more than two years after the confirmation, especially in view of the fact that at any time within eighteen months after the sale the defendant could have redeemed the property by payment of the amount for which it was sold. There is nothing substantial in the claim that the sale was never confirmed. The date of sale given in the motion to confirm was manifestly a clerical error, and the fact that a formal record was not made until some time after the order of confirmation is not important.

The judgment is reversed, and the cause remanded with directions to overrule the motion to set aside the sale and other proceedings.

All the Justices concurring.