SMITH v. FIRST NATIONAL BANK OF DEWITT.

Opinion delivered June 14, 1915.

1. APPEAL AND ERROR—FORECLOSURE OF MORTGAGE—AMOUNT OF DECREE—OBJECTION TO, WHEN RAISED TOO LATE.—A. mortgaged property to B., and on a sale under a foreclosure thereof a sum sufficient to satisfy the decree was not realized. A. took no appeal from this decree. Under execution, other property was sold to satisfy the balance due, and the court overruled A.'s exceptions to the report of the commissioner and confirmed the sale. On appeal from this decree, held, it was too late for A. to object that the amount in the first decree against him was excessive, more than one year having elapsed since the rendition of that decree, and no appeal having been taken therefrom.

2. TRIAL—EXCEPTIONS TO REPORT—FAILURE TO OFFER PROOF—SALE ON EXECUTION.—It is the duty of the party filing exceptions to the report of a commissioner making a sale of land under execution, to prove the matters contained and alleged in the exceptions and in the absence of such proof, the judgment of the court overruling his exceptions, will be presumed to be correct.

3. EXECUTION SALE—NOTICE—PRESUMPTION.—Where property is sold under foreclosure, the record having recited that the notice was given in the manner and for the time prescribed by law, the presumption, in the absence of proof to the contrary, is that the statute in that regard, was complied with.

4. FORECLOSURE—PURCHASER—RIGHTS OF MORTGAGOR.—A.'s land was sold under foreclosure proceedings; the sale did not satisfy the decree, and under execution other land belonging to A. was sold and purchased by one W. A. appealed from an order of the chancellor, confirming the sale to W., and overruling A's exceptions to the re-

port of the commissioner. On this appeal, it appearing that the action of the chancellor was proper, *held*, the rights and liabilities of A. and W. *inter se*, were not affected by this appeal.

Appeal from Arkansas Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*W. N. Carpenter*, for appellant.

1. The decree was void because it included an attorney's fee as part of the debt. 76 Ark. 151; 77 *Id.* 357.

2. The commissioner's sale and the execution sale are both void for want of legal notice. Kirby's Digest, § 4923; 74 Ark. 474.

*John W. Moncrief*, for appellee.

1. The decree recites that the cause was heard upon the complaint, etc., "and other proof." The "other proof" is not contained in the transcript. 80 Ark. 74; 94 *Id.* 115; 98 *Id.* 266.

2. The appeal should be dismissed. The final decree was rendered more than one year before the appeal was granted by the clerk of this court. Kirby's Dig., § 1199.

3. The presumption is that the commissioner's sale was regular and legal. 1 Am. St. Rep. 701-706; 99 Am. Dec. 459-461; 89 *Id.* 545-550; 17 Am. & Eng. Enc. Law (2 ed.), 994. Due notice was given.

4. All objections to the sale were waived by failure to object before sale and confirmation. It is too late after confirmation of the sale to object for irregularities in proceedings. 24 Cyc. 39; 56 Ark. 224, 240.

5. By accepting the balance of the proceeds of the sale he acquiesced in, ratified and approved the sale. 17 A. & E. Enc. Law (2 ed.) 996; 57 Ark. 632; 53 *Id.* 514-516; 24 *Id.* 14; 41 N. E. 1027.

HART, J. This is an appeal from an order of the chancery court confirming a commissioner's sale of lands made under a decree foreclosing a mortgage. The facts are as follows:

On January 31, 1913, Martin Smith and Caroline Smith executed a note to the First National Bank of

DeWitt for $1,218.65, due sixty days after date, and the same was secured by a mortgage on real estate. On December 18, 1913, the bank instituted an action in the chancery court to foreclose the mortgage and recover judgment on the note. On February 4, 1914, judgment was rendered in favor of the bank on the note and a decree ordering the mortgage foreclosed was entered of record. The land was sold by a commissioner appointed by the court pursuant to the directions of the decree, on March 28, 1914. The bank was the highest bidder at the sale and having bid the sum of $1,000 was declared the purchaser. On the 28th day of March, 1914, an execution was issued and levied on other lands of Martin Smith to satisfy the balance of the judgment. The lands levied upon were sold under execution sale May 14, 1914, and the Henry Wrape Company became the purchaser thereof at said sale. The commissioner appointed to sell the lands under the decree of foreclosure made his report of the sale and Martin Smith filed his exceptions thereto in September, 1914. The court heard the report of the commissioner and the exceptions thereto and overruled the exceptions and confirmed the report. The defendant Smith excepted to the ruling of the court and prayed an appeal to the Supreme Court, which was granted. On March 24, 1915, the defendant Smith filed a transcript in said cause in this court and an appeal was granted by the clerk.

(1) It is first contended by counsel for Smith that the court in the foreclosure suit against him rendered judgment against him for a greater amount than was due by him to the bank. If the court made any error in the foreclosure decree we can not consider it for the reason that no appeal was taken. The decree of foreclosure was entered on the 4th day of February, 1914, and no appeal was prayed or granted. The transcript in this cause was filed on March 6, 1915. At the time the foreclosure decree was entered section 1199 of Kirby's Digest was in force and it provides that an appeal shall not be granted

except within one year next after the rendition of the judgment, order or decree sought to be reviewed.

(2) Smith, in his exceptions to the confirmation of the master's report of the sale, alleged that prior to the sale the cashier of the bank entered into an agreement with him whereby the cashier was to buy the land in his own name at the sale and was to reconvey the same to Smith. He alleged that the cashier violated this agreement and that the bank purchased the land in its own name.

It devolved upon Smith to prove the matter contained and alleged in this exception, but the record does not show that any proof whatever was offered in support of this exception, and the exception, as prepared and filed in court, was not even verified by him. Therefore, the judgment of the court overruling his exception is presumed to be correct.

(3) It is next contended by counsel for Smith that the land was not advertised under the foreclosure decree as provided by section 4923 of Kirby's Digest. Smith did not offer any proof so far as the record discloses to substantiate his exception in this regard; on the contrary, the report of the sale made by the commissioner recites that the sale was made pursuant to the decree of the court and that due notice of the time and place of said sale was given as required by law. The court overruled this exception of Smith, and there is nothing in the record to show that the court erred in that regard. The record having recited that the notice was given in the manner and for the time prescribed by law, the presumption, in the absence of proof to the contrary, is that the statute was complied with.

(4) The third contention of counsel for Smith is that the sale under execution to the Henry Wrape Company should be set aside. We need not set out his reason for asking for this relief, for that proceeding is not before the court. The Henry Wrape Company was not a party to the foreclosure suit and was not made a party thereto at any stage of the proceeding. Whatever right

Smith may have against the Henry Wrape Company is not affected by this decision; neither are the rights of the Henry Wrape Company affected by it.

It follows that the order of confirmation of the sale of land made by the commissioner will be affirmed.