No. 21,257.

HAMMOND L. MARSH, *Appellee*, v. E. J. VOTAW and RUTH VOTAW, *Appellants*.

### SYLLABUS BY THE COURT.

MORTGAGE FORECLOSURE—*Irregularities in Decree—Motion to Set Aside Confirmation and to Amend Decree Made Too Late.*   On September 25, 1913, in a foreclosure suit where the defendants were served with summons, judgment was entered by default, and with a provision barring defendants from all right of redemption.   The sheriff's sale, at which the plaintiff purchased, was confirmed December 16, 1913, the decree of confirmation reciting that the mortgage was for purchase money, that less than one-third thereof had been paid, and fixed the period of redemption at six months from the sale.   On September 23, 1916, the defendants moved to have the sale and confirmation set aside and the judgment modified, but stated no defense to the action, and made no offer to redeem.   *Held*, that the original judgment, though erroneous, is not void; the error in the judgment could be taken advantage of only by appeal; other irregularities complained of were cured by the confirmation; and the defendants' application was made too late to entitle them to relief.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 6, 1918. Affirmed.

*Clarence Spooner,* of Newton, for the appellants.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* all of Wichita, *B. R. Leydig, K. M. Geddes,* and *E. W. Grant,* all of El Dorado, for the appellee.

The opinion of the court was delivered by

PORTER, J: This is an appeal by the defendants from an order denying their motion to vacate an order of confirmation and to set aside the sheriff's sale and to amend the original decree in a foreclosure suit.

The defendants, E. J. Votaw and wife, were the owners of the land in controversy, and held the fee-simple title subject to a first mortgage of $1,200, and the mortgage to the plaintiff amounting to $3,700. The plaintiff commenced foreclosure on the 16th of April, 1913, and obtained service of summons on the defendants at their residence. They made no appearance, and on September 25, 1913, judgment of foreclosure was entered. An order of sale issued, and on December 2, 1913, the sheriff sold the property at public sale to the plaintiff for the sum of $3,800, subject to the first mortgage. On the 16th day of December, 1913, the court confirmed the sale, the decree of confirmation reciting a finding that the mortgage was given for the purchase price, less than one-third of which had been paid, and upon these facts the court fixed the period of redemption at six months from the date of sale. On the 23d day of September, 1916, the defendants filed their motion to amend the decree, vacate the order of confirmation, and set aside the sheriff's sale. The hearing was had on the 20th day of December, 1916. As an explanation for the delay, the defendants allege that they moved to California shortly after the suit was commenced, that they did not return to Kansas until September, 1916, and then learned the facts in regard to the irregularities in the proceedings. The plaintiff suggests that about the time the defendants filed these proceedings the property had become exceedingly valuable, by reason of the discovery that it contains under it great quantities of oil and gas.

The principal objection to the original judgment is the re-

cital therein that from and after the sale the defendants were forever barred and foreclosed from all equity of redemption. It is obvious that the journal entry was drawn upon an old form in use before the statute of 1893 with respect to redemption was enacted. · Of course, that part of the judgment was erroneous; but it was not void. (*Odgen v. Walters,* 12 Kan. 282.) There it was said that "the decree in the foreclosure suit in terms barred all right of redemption, and this was binding upon all parties and privies, even if erroneous, and cannot now be attacked collaterally." (p. 291.) To the same effect is *Ehrsam v. Smith,* 61 Kan. 699, 60 Pac. 740.

The decree of confirmation, after the usual recitals that an examination of the order of sale and the return showed the proceedings to be regular, contained a further finding that the mortgage was given for the purchase price of the property, less than one-third of which had been paid, and upon these facts the court fixed the period of redemption at six months from the date of the sale. It directed that if the property was not redeemed within six months the sheriff should convey to the purchaser. If the court's attention had been called to the erroneous recital in the original decree, doubtless the first journal entry would have been corrected. In view of the fact that almost three years elapsed from the time the decree was entered before the defendants raised their objections, we think the order made at the confirmation should be regarded as in effect a modification of the original decree. The law requires foreclosure sales to be confirmed, and the court retains jurisdiction over the subject matter and the parties until confirmation. The provision in section 503 of the code (Gen. Stat. 1915, § 7407) fixing the six-months period of redemption in case of foreclosure of the lien for the purchase price before one-third has been paid, does not require a recital of the facts either in the pleadings or the judgment.

It was held, however, in *Martin v. Miller,* 97 Kan. 723, 156 Pac. 709, that—

"The bidder at a judicial sale may properly look to the language of the judgment under which it is made for reliable information as to what he will get if his bid is accepted. The right to a deed and possession unless the property is redeemed within a year is quite a different thing from a right to a deed and possession unless redemption is made within eighteen months." (p. 725.)

In that case it was held that the proper method for the correction of a decree of foreclosure which unduly limits the right of redemption, where that is the result of inadvertence or misapprehension of the facts, is by motion under .the statute relating to irregularities, and that the remedy is open to one purchasing the land, after the rendition of the judgment, from a defendant who was not personally liable for its payment. While the facts in that case were held not sufficient to authorize the court to disregard the terms of the original judgment and fix a different period of redemption, it was ruled:

"Although the trial court by liberality of construction might have treated a request made after sale, to fix the time of redemption at the statutory period, as a motion to correct the original judgment in that regard, the omission to do so in the present case held not to constitute error." (Syl. ¶ 4.)

The owner of the property against whom the default judgment had been rendered quitclaimed to Lewis, and it was said in the opinion:

"If the trial court had treated Lewis' request as a motion to modify the judgment, and upon a finding of inadvertence or irregularity had changed the period of redemption as there fixed, from twelve months to eighteen, its action in that regard would have been unassailable." (p. 726.)

In *Neef v. Harrell,* 82 Kan. 554, 109 Pac. 188, the judgment, while indicating that the sale was to be made subject to the statutory right of redemption, failed to specify the time of redemption. At the confirmation plaintiff made a showing that the mortgage was given for purchase money, and that a third of this had not been paid, but the court refused to limit redemption to six months and fixed the period at eighteen months. On appeal the judgment was modified.

In *Hines v. Kays,* 93 Kan. 209, 144 Pac. 240, the petition alleged the mortgage was given for part of the purchase price, but no evidence was offered in support of the claim. At the confirmation, upon evidence showing these facts, the court fixed the period of redemption accordingly, and the practice was approved.

The judgment was erroneous but not void, and if it be conceded that the error was not cured by the subsequent provisions of the decree of confirmation, still the defendants are bound by the judgment, since the only way in which they could take ad-

vantage of the error was by appeal. (*Ogden v. Walters,* supra; *Ehrsam v. Smith,* supra; *Mills v. Ralston,* 10 Kan. 206.) The several irregularities in the sheriff's return, of which complaint is made, are not available to defendants, because they were all cured by the confirmation. (*Thompson v. Burge,* 60 Kan. 549, 57 Pac. 110; *Hill v. Gatliff,* 69 Kan. 179, 76 Pac. 428.) Besides, they are unsubstantial. Although the holder of the first mortgage was not a party to the foreclosure, it was proper for the sheriff to sell the land subject to the first mortgage. Its validity was not in question. The return of the sheriff recited that he had caused a "notice of the said property" to be published. A part of the return consisted of a copy of the published notice, from which it appeared to be the usual notice of a sheriff's sale. To the return there was attached the publisher's affidavit showing that the publication complied in all respects with the statute. It is too late for the defendants to complain that the court received no evidence on which to base the findings in the decree of confirmation; and their contention that the decree of confirmation is void, and that the court had no jurisdiction to make it, is without merit. The order of sale directed that the proceeds be brought into court to abide the further order of the court. There was no inconsistency between this and the provisions of the original decree providing specifically how the proceeds should be applied.

There are no equities which entitled defendants to have the sale set aside. They were obviously guilty of laches in waiting almost three years after the sale and confirmation before seeking relief. Under the provision of the decree of confirmation they had six months in which to redeem; and if they had been entitled to the full period of eighteen months' redemption, that had long since expired. Without offering in their application to redeem from the indebtedness represented by the judgment, and without any suggestion of a defense to the action, they rely apparently on their right to speculate upon the advancing value of the property, while permitting the judgment and sale to stand without objection until long after their rights of redemption would have expired if the judgment had been properly entered.

The order denying the motion is affirmed.