### SHERMAN et al. v. GENS & BARALL INV. CO. et al.

No. 24236. June 18, 1935.

Franklin H. Griggs, for plaintiffs in error.

Silverman, Rosenstein & Fist and R. E. Rosenstein, for defendants in error.

PER CURIAM. This action was filed in the district court of Tulsa county by the Gens & Barall Investment Company to foreclose a second mortgage given to secure the payment of a note for $1,630.65. The property mortgaged was the homestead of the defendants, Charles L. Sherman and Savella Sherman. Gum Brothers Company had a first mortgage on the property for approximately $5,500. Other parties were made defendants in the lower court, but their interests are not involved in this appeal. In referring to the parties, the Gens & Barall Investment Company, plaintiff below, will be referred to as plaintiff herein and Charles L. Sherman and Savella Sherman as defendants.

The plaintiff's petition alleged the execution and delivery of the note and mortgage sued on; that default had been made in the payment of the note, and the plaintiff asked that its mortgage be foreclosed and the land sold to satisfy the judgment. The petition alleged that the plaintiff's mortgage was subject to the first mortgage of Gum Brothers Company for approximately $5,500.

The defendants were duly summoned and made default. Thereupon the court entered a judgment in favor of the plaintiff for the amount sued for, with interest and attorney's fees, and found that the plaintiff's mortgage was a first and prior lien on the premises described, and that if the judgment was not paid within six months the property should be sold by the sheriff to satisfy the plaintiff's judgment. The judgment was entered on the 16th day of February, 1931, during the November, 1930, term, and on September 9, 1931, and during the June, 1931, term, the plaintiff secured an order amending the judgment nunc pro tunc. The original judgment had found that the plaintiff's mortgage was a first and prior lien on the premises, but by the amendment referred to the judgment was amended to the effect that the plaintiff's mortgage was a lien on the premises, subject, however, to the first mortgage of Gum Brothers Company for $5,500. The land was duly advertised and sold by the sheriff of Tulsa county to the plaintiff, for $200, subject to the mortgage of Gum Brothers Company. The sheriff's return in all things appears to be regular. On the day the sheriff filed his return, the plaintiff filed a motion to confirm the sale, and on the same day the court entered an order confirming the sale and directing the sheriff to make a deed to the plaintiff. In December, 1931, the defendants filed a petition to vacate the judgment as amended, to recall the execution and order of sale, and to set aside the order confirming the sale, alleging that there was fraud practiced by the plaintiff in securing the judgment and unavoidable casualty by which the defendants were prevented from having a fair trial. The plaintiff appeared and filed a motion to dismiss the defendants' petition to vacate, which motion was by the trial court sustained. The defendants excepted and prayed for an appeal. However, no appeal was ever perfected from this order and the order was never superseded. Therefore, it is unnecessary to notice this proceeding further.

After the court had dismissed the defendants' motion to vacate, the plaintiff applied to the court for an alias writ of assistance. This was granted and the clerk issued an alias writ to the sheriff of Tulsa

county, directing him to immediately place the plaintiff in possession of the mortgaged property. The defendants appeared again and filed a motion to vacate the order confirming the sale and to set aside the order directing the issuance of an alias writ of assistance, and alleged that the judgment was void for the reason that the amendment to the judgment nunc pro tunc was made without notice, and that the sale was void for the further reason that it was not held upon sufficient notice and was not made for cash and was not held at the time and place set forth in the notice.

In this connection, the defendant alleged that instead of the sale being held at the west front door of the courthouse, as stated in the notice, "that it took place 30 feet or more within the building inside three massive double bronze front doors of the courthouse, up a full flight of stairs of twelve steps and on beyond them into the building, on the main floor thereof at the inner doors opening into the main floor corridor, beyond the hearing and out of the sight of such prospective bidders as were gathered outside and in front of the said west front doors of the courthouse to bid upon the property, and that the said plaintiff mortgagee was thus the only bidder at the said purported sale and the said inadequate price realized was the result thereof." This motion was duly verified by Charles L. Sherman. This motion came on for hearing before the court and was denied. Thereupon the defendants perfected their appeal to this court.

The defendants have argued that the action of the trial court should be reversed, alleging that:

First, The sale was void for the reason that it was not held at the place designated in the notice.

Second, The order of sale itself was void because of the fact that it was issued in execution of a judgment and decree of foreclosure attemptedly amended by an order nunc pro tunc which was void.

Third, The order of confirmation should have been vacated because it was made upon a false return of the sheriff as to the place where the sale was held and thus mounted to a fraud upon the court.

Fourth. The court erred in refusing to vacate the purported amended judgment.

Under the first proposition the defendants claim that the sale was void because it was not held at the place designated in the notice. The sheriff's return is regular on its face, and in his return the sheriff states that:

"On said 13th day of October, 1931, at 2 o'clock p. m. of said day, I offered for sale the property described as follows: (description of property), at the west front door of the courthouse in the city of Tulsa, Tulsa county, state of Oklahoma, that being the time and place stated in said notice."

In the defendants' motion to vacate the order of confirmation, they alleged that the sale was not held at the time and place set forth in the notice, but that it was held 30 feet or more within the building and inside of three massive bronze doors and up a flight of twelve steps. The general presumption is that public officers perform their official duties and that their official acts are regular. Eagle Loan & Investment Co. v. Turner, 113 Okla. 251, 241 P. 138; Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. (2d) 252. The general presumption is that the statements contained in the report or return of the sheriff are true. 42 Corpus Juris 216; Oklahoma Farm Mortgage Co. v. Hatcher, 106 Okla. 262, 234 P. 203; Smith v. First National Bank of Dewitt, 119 Ark. 235, 177 S. W. 895. From the record it does not appear that the defendants tendered or offered any evidence to sustain the allegations of their motion to the effect that the sheriff did not hold the sale at the time and place designated in the notice. It was incumbent upon the defendants to sustain the allegations of their motion by evidence which would overcome the presumption of the correctness of the sheriff's return. Since no evidence was offered to sustain these allegations, the action of the trial court in overruling the motion was correct.

In the case of Roberts v. Loyola Perpetual Building Association of Baltimore City, 21 Atl. 684, the Supreme Court of Maryland said:

"Where exceptions to a mortgage sale are not supported by any evidence, they should be overruled, even though they are verified by affidavit, and are not denied by an answer."

In the case of Smith v. First National Bank, supra, the Supreme Court of Arkansas said:

"It is next contended by counsel for Smith that the land was not advertised under the foreclosure decree as provided by section 4923 of Kirby's Digest. Smith did not offer any proof, so far as the record discloses, to substantiate his exception

in this regard; on the contrary, the report of the sale made by the commissioner recites that the sale was made pursuant to the decree of the court, and that due notice of the time and place of said sale was given as required by law. The court overruled this exception of Smith, and there is nothing in the record to show that the court erred in that regard. The record having recited that the notice was given in the summer and for the time prescribed by law, the presumption, in the absence of proof to the contrary, is that the statute was complied with."

We, therefore, conclude that there was no error on the part of the trial court under this assignment of error.

The defendants next seek to reverse the action of the trial court for the reason that the execution was issued on a judgment and decree of foreclosure which was amended by an order nunc pro tunc. It appears that the original judgment was entered February 16, 1931 and the order nunc pro tunc was made on September 9, 1931, after the term in which the judgment was secured had expired. The defendants contend that an order nunc pro tunc cannot be entered to sustain a judicial mistake, and cite Co-Wok-Ochee v. Chapman, 76 Okla. 1, 183 P. 610; Lewis v. Ward, 101 Okla. 146, 223 P. 839; Wagoner Oil & Gas Company v. Marlow, 137 Okla. 116, 278 P. 294. We have no fault to find with the rule announced in the authorities cited above, but we do not agree with the conclusion reached by the defendants.

The amendment to the judgment was only to the effect that the lands should be sold subject to the mortgage of Gum Brothers for $5,500. The first mortgagee was not a party to the suit and its rights could in no way be affected by any judgment entered by the court. The petition contained the following allegations:

"Plaintiff further alleges that this mortgage in the amount of $1,630.65 is admitted to be junior and inferior and subsequent to the mortgage in favor of Gum Brothers Company, a corporation, in the approximate amount of $5,500."

The prayer of the plaintiff's petition contained the following language concerning the lien of the plaintiff's mortgage sought to be foreclosed:

"Said lien to be subject only to a first mortgage held by Gum Brothers Company, a corporation, in the approximate amount of $5,500.

It is difficult to see just how the defendants' rights were in any way prejudiced or affected by such order. Nothing was added to or taken away by reason of the amendment made. The amendment did nothing more than to direct the sheriff as to the manner of selling the property, which he was required to do without such amendment.

In Marsh v. Votaw, 102 Kan. 747, 172 P. 30, the Supreme Court of Kansas said:

"Although the holder of the first mortgage was not a party to the foreclosure of the second mortgage, it was proper for the sheriff to sell the lands subject to the first mortgage, the validity of which was not in question."

Anyone purchasing the property would buy it subject to the first mortgage. Streeter v. Ponca State Bank, 49 Okla. 609, 153 P. 632. Since the defendants' rights were in no way affected, they are not in a position to complain of the action of the trial court.

The defendants' third proposition is that the order of confirmation should have been vacated because it was made upon a false return by the sheriff as to the time and place where the sale was had. We have disposed of this in discussing the first proposition.

Under the fourth proposition submitted by the defendants, that the court erred in refusing to vacate the purported amended judgment, no authorities are cited, and this has been disposed of in discussing the second proposition.

Finding, as we do, that there is no merit in the defendants' contention, the action of the trial court should be and is in all things affirmed.

When the cause was appealed to the Supreme Court, the defendants filed a supersedeas bond to the effect that if the action of the court was affirmed they would pay the value of the use and occupation of the property from that date until the delivery of possession by them pursuant thereto. The plaintiff has asked that a judgment be entered upon the sureties to the supersedeas. This cannot be done. The trial court, however, is directed to ascertain the reasonable value of the use and occupation of the property during the time stated and to enter judgment against the sureties for the amount so found.

The Supreme Court acknowledges the aid

of Attorneys Hubert Ambrister, Chas. E. McPherren, and Calvin Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ambrister, and approved by Mr. McPherren and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.