JONES *v*. CAPERS.

5-2059                                    333 S. W. 2d 242

Opinion delivered March 21, 1960.

*James R. Hale, Tom Pearson, Ulys A. Lovell, W. B. Putman,* for appellant.

*Little & Enfield, Thomas Harper,* for appellee.

PAUL WARD, Associate Justice. On August 26, 1958, J. Hal Jones and four other residents and taxpayers of Washington County filed a Complaint in Circuit Court for the use and benefit of themselves and all other taxpayers in said County against A. B. Capers, d/b/a A. B. Capers Co., Inc., and Hartford Accident and Indemnity Company. (For the purposes of this opinion we may and will consider A. B. Capers as the sole defendant and hereafter so refer to him as such). The essential allegations set out in the several numbered paragraphs were substantially as follows:

2. On December 26, 1956, the defendant entered into and signed a written contract with Washington County. Herein the defendant undertook and agreed to appraise all real property and all business, professional, commercial, and industrial property located in said County for the total sum of $85,000.00 to be paid to him by Washington County—the work to be completed by December 31, 1957 (a photostatic copy of the contract being attached, marked Exhibit A).

5. The defendant made and filed claims against Washington County for work allegedly completed and performed under and pursuant to said contract on the following dates and for the following amounts (it is shown that payments of $6,181.82 were made on each of the following dates: February 2, February 28, April 2, May 1, June 4, July 2, August 2, September 3, October 1, November 1 and November 30 — all in the year 1957). All of said claims were paid by Washington County on or about the dates above mentioned.

6. On March 19, 1958, the defendant made a claim under said contract in the total sum of $15,900.00 for appraisal work allegedly performed under the contract, and said claim was paid by said Washington County on or shortly after March 19, 1958. The total amount paid by Washington County to the defendant was $83,900.02.

7. The defendant has wholly and completely failed, neglected, and refused to keep and perform any of his promises, covenants, and agreements, as set forth in said contract and wholly, fully and completely breached each and every condition, promise, agreement and covenant set forth and contained in said contract; and by reason thereof Washington County and the taxpayers have thereof been damaged in the sum of $93,000.02.

The prayer was for judgment in the amount of $93,-000.02.

On December 20, 1958 appellants filed an amendment to the above Complaint which purports to set out in detail the way and manner in which the defendant failed to comply with the contract. It refers to several para-

graphs in the contract setting out how each separate paragraph had not been complied with. It would serve no useful purpose to set out the amendment in detail but the following is sufficiently descriptive: The defendant breached Paragraph 2 of the contract in that the appraisal work was not performed by competent, trained and experienced appraisers; Paragraph 3 of the contract was not complied with in that the defendant failed to determine the description and ownership of each lot and parcel of land; Paragraph 7 of the contract was violated in that the defendant failed to furnish separate record cards for each unit of real estate, etc.; Paragraph 10 of the contract was violated in that defendant failed to make a careful investigation of the fair value of all types of land, failed to ask the owners what price they paid, etc.; and Paragraph 12 of the contract was violated in that the defendant failed to procure and furnish competent professional appraisers as witnesses during all hearings before the Board of Equalization, etc. To the above Complaint and Amendment the defendant filed a demurrer. The trial court, after giving appellants time in which to file other pleadings found that no other pleadings had been filed by appellants and thereon sustained the demurrer and dismissed the complaint as amended, entering judgment accordingly. From this action and judgment appellants prosecute this appeal.

For a reversal appellants rely upon two grounds: (a) They have a right as taxpayers to maintain this action; and (b) The Complaint states a valid cause of action.

(a) In support of the first ground appellants cite and rely on Article 16 § 13 of the State Constitution and on *Revis* v. *Harris,* 217 Ark. 25, 228 S. W. 2d 624. We agree with appellants that the Constitution and the *Revis* case are both authority for the proposition that any citizen of any County may institute a suit in behalf of himself and all others likewise interested to recover money illegally exacted. It goes without argument, however, that before such suit can be maintained to a successful conclusion it must be based upon a complaint or

petition that states a cause of action. The real question in this case then is whether appellants' Complaint states a cause of action, and it is the one which we now discuss.

(b) We gather from appellants' argument and the decisions cited therein they are emphasizing the fact that the trial court could not sustain a demurrer to their Complaint without relying on facts which are not referred to in the Complaint. Stated another way, appellants' argument is that the trial court applied to the Complaint what is known as a "speaking demurrer" which has been condemned by this Court, citing as authority *Rider* v. *McElroy*, 194 Ark. 1106, 110 S. W. 2d 492; *Lawhon* v. *American Cyanamid and Chemical Company, et al*, 216 Ark. 23, 223 S. W. 2d 806. We agree with the principle announced by these cases which is to the effect that a demurrer which, to be sustained must depend on facts not alleged in the complaint, is bad. Therefore, we can narrow the question down to this point: Did the trial court, in order to sustain the demurrer in this case, have to rely on facts which are not disclosed by the Complaint?

A careful reading of appellants' Complaint reveals that it no where alleges the contract between the County and appellees was improperly entered into or that it was not legally binding upon Washington County; nor does it contain any allegation of fraud practiced by appellee upon the County Judge, the County Court or anyone else. Neither does the Complaint allege that the several claims filed by appellee and paid by the County were in any way illegal. The allegations upon which appellants apparently rely most strongly to state a cause of action are found in Paragraphs 5 and 6 of the Complaint. In Paragraph 5 it is alleged that the defendant (appellee) made and filed claims against Washington County for work allegedly completed and performed under and pursuant to said contract, in the amount and on the dates heretofore set out, totalling $68,000.02. It is further alleged that these amounts were paid by Washington County. In Paragraph 6 similar allegations are contained with reference to a claim for $15,900.00 which was paid by Wash-

ington County. It is appellee's contention that appellants are making a collateral attack on the order and judgments of the County Court, and such an attack cannot legally be made, the contention being that the allowance of the County Court of said claims amounted to and was in fact an order of the County Clerk. In support of this appellee cites *Monroe County* v. *Brown,* 118 Ark. 525, 177 S. W. 40, where this Court said: "The County Court in allowing claims against the County acts judicially, and its judgment is not open to collateral attack except for fraud or lack of jurisdiction . . ." It is not contended in the case under consideration that the County Court of Washington County lacked jurisdiction to execute the contract with appellee or that the contract was procured by fraud. In the case of *Strawn* v. *Campbell,* 226 Ark. 449, 291 S. W. 2d 508, we held that the County Court had the constitutional jurisdiction to enter into a contract such as the one here involved and in that case we also said: "A county court acting within the powers conferred by the Constitution and statutes is a court of superior jurisdiction, and, where by statute special powers have been conferred and such special powers exercised judicially, its judgment cannot be impeached collaterally except for want of jurisdiction or errors apparent on its face".

There can be no doubt, we think, that appellants here had a right to appeal not only from the order of the County Court approving the contract with appellee but also the right to appeal from the order of the County Court allowing and paying any one of these several claims presented by appellee. This was made clear in the case of *Ladd* v. *Stubblefield,* 195 Ark. 261, 111 S. W. 2d 555, where the court construed the case of *Armstrong* v. *Truitt,* 53 Ark. 287, 13 S. W. 934 and said: "The effect of that decision is to hold that § 50, Art. 7, of our Constitution, gives a resident citizen or taxpayer the right to appeal from an order of allowance against the county, whether he intervenes before or after the allowance was made".

The argument of appellants is that the Complaint here does not show that the County Court approved the several claims of appellee and that, therefore, the demurrer should not have been sustained. The argument being further that since the trial court had to go out of the record in finding the County Court had approved the claims, that amounted to approving a speaking demurrer. We cannot agree that this argument is sound. It is our idea that under our system of liberally construing the pleadings, as was announced in *Stroud* v. *Barksdale Lumber Company*, 229 Ark. 111, 313 S. W. 2d 376, the Complaint in this instance should be construed as asserting that the several claims presented by appellee were approved by the County Court. While the Complaint did not make that specific statement it does allege that the several claims were paid by the County Court which is tantamount to saying that the claims were allowed. Arkansas Statutes 17-701 provides that no moneys derived from taxes shall be paid except on an order duly made by the County Court while in session and entered upon the record. Section 17-702 provides that all persons having demands against a County shall present the same, duly verified according to law, to the County Court for allowance or rejection. Section 17-703 states that before any claim shall be allowed by the County Court it shall be supported by an affidavit stating that it is correct, etc. Section 17-801 provides that whenever an allowance has been made by the County Court in accordance with the sections heretofore mentioned the County Clerk would be authorized to issue his warrant on the County Treasurer, etc. It appears very obvious to us then that if, as is alleged by appellants, appellee's claims against the County were paid it must be presumed that said claims were properly allowed by the County Court. There is a legal presumption that officers act in accordance with the law. In the case of *West 12th Street Improvement District No. 30* v. *Kinstley*, 188 Ark. 77, 63 S. W. 2d 980, it was contended that no appropriation had been made for the formation of an Improvement District. In answer to this contention the Court used language which we think is applicable here, it said: ''The

county court is a court of superior jurisdiction, and, in making the orders, was dealing with a subject matter over which it was given jurisdiction by the Constitution, and it must be presumed that all necessary steps were taken in the absence of a showing to the contrary, and, if it was necessary that an appropriation be first made by the levying court, that this was done''. Applying that principle to the facts here we must conclude that since the law required a claim to be approved before it was paid, the allegation (in the Complaint) of payment carries with it the legal presumption that it had been approved. This principle applies particularly in this case where there was no allegation in the Complaint to the contrary. The above conclusion is confirmed by the holding in *Phillips* v. *Rothrock*, 194 Ark. 945, 110 S. W. 2d 26, where, at Page 953 of the Arkansas Report, the Court said: ''. . . that when any duty is required of a public officer, unless there is something to indicate the contrary, it will be presumed that he performed the duty according to law. The presumption is also that the officer will perform his official duty''.

It is our conclusion, therefore, from what we have heretofore said that appellants' complaint did not state a cause of action and that the trial court was correct in sustaining appellee's demurrer.

Affirmed.