G. R. PALMER et al v. Dale CLINE, Director,
Aekansas Department of Labor et al

73-4                                         494 S.W. 2d 112

Opinion delivered May 7, 1973

*Hale, Hale, Fincher & Hoofman, P. A.,* for appellants.

*Herrn Northcutt,* for appellees.

George Rose Smith, Justice. This case presents a jurisdictional issue under the Employment Security Act. The appellants filed a petition in the Pulaski Chancery Court to review the appellees' action in assessing delinquent contributions against the appellants in the sum of $42.80. The appellees demurred to the petition on the ground that the chancery court was without jurisdiction. This appeal is from an order sustaining the demurrer and dismissing the petition.

The petition is brief. It identifies the petitioners as the owners of Palmer's Boutique and the respondents as

the Director of the Department of Labor and the Administrator of the Employment Security Division of that department. After reciting the respondents' assessment of delinquent contributions against the petitioners, the petition goes on to state: "Petitioners are not 'employers' as defined by Arkansas law and are therefore not liable for any contributions required by the state Employment Security Act, and the action of Respondents in filing the Certificate of Assessment is unlawful." The petitioners pray that the respondents be restrained from collecting the assessment during the pendency of the suit and that the court determine whether petitioners are "employers" subject to the Employment Security Act.

The dispute turns upon which of two sections of the Act is controlling. The petitioners insist that their remedy is to be found in that section of the statute which provides for a review in the chancery court. Ark. Stat. Ann. § 81-1117 (e) (Repl. 1960). The respondents contend that the petitioners should have proceeded under a different section, which provides for an appeal either to the Board of Review or to the Pulaski Circuit Court. Section 81-1114 (b, 2).

We agree with the respondents. The petitioners' pleading asserts a right to relief upon one ground only, that the petitioners are not employers within the purview of the Act. Such a dispute, however, must arise under Section 81-1114 (b, 2), which provides that the Commissioner may, "upon his own motion, or upon application of an employing unit, . . . make findings of fact and on the basis thereof, determinations whether an employing unit constitutes an employer." If the employing unit disagrees with the Commissioner's determination, the section provides for an appeal to the Board of Review or to the Pulaski Circuit Court. That, in our opinion, was the petitioners' proper remedy in the case at bar.

The petitioners are mistaken in their reliance upon Section 81-1117 (e). That section has nothing to do with the determination of whether an employing unit is an employer. Instead, it is concerned with the Administrator's determination of the *amount* of contributions, interest, and penalties. The section presupposes that the complain-

ing party is an employer. In fact, the sentence providing for a review in chancery so states: *"An aggrieved employer* [our italics] may have a review of the action of the Administrator . . . "* The petitioners' denial of their status as employers takes their dispute out of the scope of Section 81-1117 (e).

Despite the distinction between the two remedies provided by the statute, the petitioners earnestly insist that they are entitled to an equitable remedy, for the reason that the Commissioner's determination of the petitioners' status as employers was made without compliance with the statutory requirement that the employing unit be given notice and an opportunity to be heard. Section 81-1114 (b, 2). It is argued that compliance with the requirement of notice and a hearing is a constitutional prerequisite to the petitioners' being confined to the circuit court review now insisted upon by the appellees.

We cannot reach the merits of the petitioners' argument, because the point is not properly raised. There is no assertion in the petitioners' brief pleading that the respondents failed to give the petitioners notice and an opportunity to be heard. There is no assertion of any constitutional issue, such as a denial of due process or the imposition of an illegal exaction. A demurrer does not admit any facts that are not well pleaded. *Caldwell* v. *St. Louis Joint Stock Land Bank,* 187 Ark. 832, 62 S.W. 2d 39 (1933). It is presumed that required official acts have been duly performed, until the contrary is shown. *Haynes* v. *Butler,* 30 Ark. 69 (1875). It is presumed, in the absence of a showing to the contrary, that all necessary steps have been taken by the officer. *West Twelfth St. Imp. Dist. No. 30* v. *Kinstley,* 188 Ark. 77, 63 S.W. 2d 980 (1933). We must determine the issues upon the record that was made in the trial court. The facts essential to the question now argued were not pleaded in the court below and therefore cannot serve as the basis for a decision in this court.

Affirmed.