S. M. COOK, on behalf of himself and all other taxpayers of Chicot County *v.* James R. "Red" BURCHFIELD, County Judge of Chicot County

75-36                                                        523 S.W. 2d 925

Opinion delivered June 16, 1975

*Holloway & Haddock,* for appellants.

*Reinberger, Eilbott, Smith & Staten,* for appellee.

FRANK HOLT, Justice. This case involves the payment of $90,000 for 97½ acres of land by the Chicot County Court

with federal revenue sharing funds. Appellants, as taxpayers, brought suit in chancery court against the county judge, appellee, for an order declaring the quorum court appropriation illegal and void and, consequently, the expenditure therefrom for the land purchase was invalid. Appellants contend on appeal that the chancellor erred by failing to accept jurisdiction and by not voiding the appropriation and the resulting expenditure of the federal funds by the appellee. The chancellor was correct.

In December, 1972, Chicot County received $204,000 in revenue sharing funds. The quorum court met January 2, 1973, and authorized the expenditure of the funds within the "priority expenditures" listed by 31 U.S.C.A. § 1222 (A). Approximately three months later, the appellee, sitting as the county court, approved payment from the federal revenue sharing funds, as appropriated, for the property which was then deeded to the county. There is expert testimony that the value of the land is at least $1,000 per acre and there is no allegation or assertion of fraud. The "basic thrust" of appellants' argument is that the quorum court's appropriation was void; consequently, the expenditure from the appropriation for the "real property was necessarily void." Appellants urge that the transaction should be rescinded and cancelled. The seller, however, is not a party to the action.

Appellants rely heavily upon *Mackey* v. *McDonald*, 255 Ark. 978, 504 S.W. 2d 726 (1974), and the cases cited therein as authority for their contention that the chancery court has jurisdiction in this taxpayers' action since it relates to illegal exactions which are impermissible by Ark. Const. (1874), Art. 16, § 13. We do not agree with the appellants that *Mackey* and the cases cited therein, which are thoroughly discussed, are applicable in the case at bar. Typically, in *Mackey* the injunction proceeding was against the proper officials *to prevent* the alleged misapplication or expenditure of public funds based upon the contention that the appropriation in issue was improper and constituted an illegal exaction of tax funds. In the case at bar, the action is brought against the appellee only *after* the expenditure for a claim which was approved by the appellee in his judicial capacity as the county court. There is no fraud alleged or in any manner shown in

the allowance and payment of the claim. In *Ark. Association of County Judges* v. *Green*, 232 Ark. 438, 338 S.W. 2d 672 (1960), we aptly said:

> "We agree with appellant that the Chancery Court had no jurisdiction to order repayment of claims already allowed. In the absence of fraud (and we think no fraud was shown here) the remedy was by appeal to the Circuit Court. See Art. 7 § 33 Constitution, Ark. Stats. § 27-2001, and *Jones* v. *Capers*, 231 Ark. 870, 333 S.W. 2d 242.

See also *Monroe County* v. *Brown*, 118 Ark. 524, 177 S.W. 40 (1915).

In the case at bar, it necessarily follows that appellants' proper remedy was by appeal to the circuit court from the county court's allowance and payment of the claim.

Affirmed.