John J. MARCHA, III, and Betty J. Marcha, husband and wife, and the First State Bank of Altus, Oklahoma, Appellees,

v.

Jimmy Max AUSTIN and Georgennia Austin, husband and wife, Appellants.

No. 59015.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 13, 1983.

Released for Publication by Order of the Court of Appeals Jan. 16, 1984.

Rex D. Brooks, Oklahoma City, for appellants.

W.J. Ivester, Ivester & Braddock, Altus, for appellees.

BOYDSTON, Judge.

Appellants appeal from assessment of attorney's fees in favor of co-defendant in mortgage foreclosure action. Based upon our review of the record, we find the assessment to be contrary to law and reverse.

The facts are undisputed. Appellants Jimmy and Georgennia Austin bought a tract of land from Roy and Linda Weeks, plaintiffs below. Appellees John and Betty Marcha held a first mortgage lien against the property. This mortgage was assigned to Appellee, The First State Bank of Altus, Oklahoma (Bank). The subject of this foreclosure action is a second mortgage given to the Weeks by the Austins. Within a short time the Austins and the Weeks became embroiled in a dispute concerning the sale. Soon thereafter the Austins refused to continue payments on the second mortgage, but continued to pay the first mortgage according to its terms.

The Weeks filed suit to foreclose the second mortgage naming the Austins, the Marchas and Bank as defendants. Using language which can be fairly construed as placing the first mortgage in legal jeopardy, the Weeks requested foreclosure and sale. It is important to this discussion that the Weeks did not sue for foreclosure of the second mortgage *subject* to the rights of the first mortgage lien holders, but instead named them as defendants and put them on the defense.

Before pretrial all parties joined into an agreed partial judgment setting up the first mortgage of the Marchas and Bank as superior to the second mortgage, thus effectively terminating the controversy and litigation against the Marchas and Bank. Incidentally, while the parties were still in court, it was discovered that the recorded first mortgage contained an erroneous legal description, and all parties agreed to a partial judgment to correct the record.

The Austins cross petitioned against the Weeks resulting in a jury trial. The jury found against the Austins.

After trial Bank, Weeks, and Marchas were granted attorney's fees and costs—all assessed against the Austins. This appeal is taken from that part of the order requiring the Austins to pay the Marchas' and Bank's fees.

The Austins raise two grounds for appeal:

(1) Trial court erred by awarding attorney's fees to a co-defendant in the first instance; and,

(2) Trial court should have apportioned the attorney's fees to exclude the time spent solely for the benefit of clearing the mortgage title defect.

■ In each instance we agree. First, we observe generally that this is not an ordinary foreclosure. Its substance is rooted in a controversy unrelated to either mortgage. The Austins' refusal to pay the second mortgage was perhaps ill-advised and it precipitated a collection suit. However, this cannot be considered as an open invitation to the Weeks to disturb the first mortgage, the legal status of which was neither contested nor contestable. It was the Weeks' decision to initiate action against the first lienor, although the Weeks need not have done so from any compelling legal theory. They could have gone all the way through foreclosure, including a sheriff's sale, without disturbing the undisputably first lien. See *Sautbine v. Keller,* Okl., 423 P.2d 447 (1966); *Sherman v. Gens & Barall Investment Co.,* 172 Okl. 618, 46 P.2d 491 (1935); 59 C.J.S. *Mortgages* § 522 (1949).

Title 12 O.S.1981 § 686, provides for costs and attorney's fees to lienholders who successfully enforce or defend their interests in a foreclosure action. However, the power to award and set the amount and determine against whom the charge is made is within the court's equitable power. 42 O.S.1981 § 176.

The basis for attorney's fees in this case is not a consequence of any legal exposure created by the Austins. Therefore, it can only arise from statute or by contract; *i.e.,* from some statutory source other than section 686 or by reason of the note and mortgage obligations created by the first mortgage itself. Because there is no equitable or statutory ground or breach of the contract between the first lienor and the Austins, there is no basis for the award against the Austins. It is obvious that there is such a basis as against the Weeks who chose to question the priority and status of the first mortgage. However, there being no appeal preserved between these parties, that issue is moot.

■ We rule simply that unless the party to be charged with the costs and attorney's fees initiates the action, either by joining the lienor or by otherwise jeopardizing the position by conduct such as default, it is inequitable to charge one with these costs as a matter of course under the theory of "failure to prevail." If the Marchas and Bank are entitled to attorney's fees at all, it is against the party who joined them with the Austins and thereby put them on the defense to protect their lien. The Austins did not default on the first mortgage, did not sue the Marchas or Bank, and did not have control of what the Weeks declared to be at issue in the suit.

■ The final point of appeal, although the above is dispositive, is also meritorious. There is no question but that once the suit terminated by partial judgment in favor of the Marchas and Bank, that liability for further attorney's fees also terminated. Accordingly, it was error for the court to refuse to apportion the fees spent curing the title defect regardless of who should have paid them. That portion of the suit should have been borne by the party whom it benefited; *i.e.,* the Bank and the Marchas, not any of the other litigants.

The judgment appealed from is reversed and remanded to the trial court with instructions to enter judgment in favor of the Austins, which judgment shall exclude any assessment of attorney's fees or costs in favor of the Marchas and Bank.

BACON, P.J., and MEANS, J., concur.