GROOMS v. BARTLETT.

Opinion delivered April 3, 1916.

1. COUNTY OFFICERS—APPLICATION OF FUNDS—EQUITY—JURISDICTION.— The officers of a county are trustees in the management and application of the funds of the county and equity has jurisdiction to prevent the misapplication of trust property.

2. PUBLIC FUNDS—MISAPPLICATION—RIGHT OF TAXPAYER—RELIEF.—The taxpayers of a county are the proper parties to maintain suits against public officers to prevent or to remedy misapplication of the public funds, and chancery has the power to grant affirmative as well as injunctive relief. Chancery has power to prevent such wrongs as well as to require reparation for what has been done.

**3.** ACTIONS—WRONG FORUM—DUTY TO TRANSFER.—An action by a taxpayer to recover, on behalf of the county, money, misapplied by the county treasurer, when brought at law, should be transferred by the law court to equity. And when the complaint was demurred to, the demurrer should have been treated as a motion to transfer, and it is error for the law court to sustain the demurrer and dismiss the complaint.

Appeal from Conway Circuit Court; *M. L. Davis,* Judge; reversed.

*Edward Gordon,* for appellant.

1. The demurrer should have been overruled. Acts 1911, No. 163, p. 421, § 6; Kirby's Dig., § § 7197, 7199, 7200-1; 102 Ark. 287.

2. The court had jurisdiction. 32 Ark. 553; 50 *Id.* 266; 34 N. W. 186; 46 N. E. 77; 3 Ark. 285; 5 *Id.* 536; 13 *Id.* 52; 25 *Id.* 101; 32 *Id.* 140; 75 *Id.* 125; 82 *Id.* 316; 63 *Id.* 576; 111 *Id.* 120.

*W. P. Strait* and *Sellers & Sellers,* for appellee.

1. No cause of action was stated. Kirby's Digest, § 7197.

2. The act is unconstitutional. Kirby's Digest, § 7197, *et seq.;* 95 Ark. 618. The section is summary and highly penal. It takes away the right of trial by jury. 93 Ark. 42; 56 *Id.* 45; 87 *Id.* 405; 40 *Id.* 97; 59 *Id.* 344; 71 *Id.* 556; 68 *Id.* 443.

HART, J. Charles Grooms, a taxpayer of Conway County, Arkansas, instituted this action in the circuit court against R. E. Bartlett, county clerk of said county, to recover judgment for the use and benefit of Conway County in the sum of $1,015.43, which plaintiff claims defendant drew from the county treasury in excess of two per cent. allowed him by law for his services in filing claims and keeping the accounts and records in connection with the road funds of the county. The defendant interposed a demurrer to the complaint, which was sustained by the court. The plaintiff refused to plead further and elected to stand upon his complaint. The court rendered judgment in favor of the defendant and the plaintiff has appealed.

Counsel for the plaintiff says that he instituted the action under sections 7197, 7199, 7200, 7201, of Kirby's Digest. We do not deem it necessary to set out these sections. They are set out in the opinion in the case of *Gladish* v. *Lovewell,* 95 Ark. 618. In that case we held that the primary object of the statutes was to authorize a taxpayer to bring an action of ouster against the officers named in the statute where it shall appear that the acts of such officers were corrupt and fraudulent and that a decree for the moneys which such officers have unlawfully detained is a mere incident to the main suit. In that case we also held that equity has no inherent power to oust an incumbent whose title to the office has been forfeited by misconduct or other cause. Section 7199 of Kirby's Digest gives the taxpayer having knowledge of any of the officers named in section 7197 being corrupt in office and depriving the county of its just revenues, the right to institute legal proceedings by a petition to the circuit judge sitting in chancery.

(1) By the Constitution of 1874 jurisdiction of equity matters was vested in the circuit court until courts of chancery should be established and the circuit courts had jurisdiction over the same subjects as a court of chancery to be exercised according to the known rules of chancery, as understood at the time of the adoption of the Constitution. At the time of the passage of the statutes just referred to, separate courts of chancery had not been established in this State. The circuit judge, sitting in chancery, in the act means the circuit judge or the circuit court exercising chancery jurisdiction. It does not follow, however, that because an equity court did not have jurisdiction of the present action under the sections of Kirby's Digest above referred to that it does not have jurisdiction in cases like this. The officers of the county are trustees in the management and application of the funds of the county, and it is well settled that equity has jurisdiction to prevent the misapplication of trust property.

(2)   The taxpayers of a county are the persons from whom the public revenues are obtained and are directly interested in protecting the same.   They are proper persons to maintain suits against public officers to prevent or remedy misapplication of the public funds, and in such cases chancery has the power to grant affirmative as well as injunctive relief.   Chancery has not only power to prevent such wrongs, but it has power to require reparation for that which has been done.   We think these propositions of law are clearly deducible from the principles laid down in the case of *Russell* v. *Tate,* 52 Ark. 541.   See also *Lee County* v. *Robertson,* 66 Ark. 82; *Griffin* v. *Rhoton,* 85 Ark. 89.   The Legislature of 1911 passed a special act relative to the better working of the public roads in Conway County.   See Special and Private Acts of Arkansas, 1911, p. 417.   Section 6, among other things, provides that the county clerk's fees, in full, for his services in connection with the road fund shall not exceed 2 per cent. of said fund.   According to the allegations o the complaint, the defendant received the sum of $1,015.43 in excess in the amount allowed him on the road fund under this special act.

(3)   It follows from the views we have expressed that the plaintiff has a right to maintain the present action under the allegation of his complaint, but he should have brought his suit in the chancery court.   Section 5991 of Kirby's Digest provides that an error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings by an amendment in the pleadings and a transfer of the action to the proper docket.

The demurrer should not have been sustained and the complaint dismissed for the error of the complaint as to the kind of action, but the court should have treated the demurrer as a motion to transfer to equity and the action should have been transferred to the chancery court. See *Moss* v. *Adams,* 32 Ark. 562; *Newman* v. *Mountain*

*Park Land Co.,* 85 Ark. 208; *Lawler* v. *Lawler,* 107 Ark. 70; *Rowe* v. *Allison,* 87 Ark. 206.

The judgment will be reversed and the cause remanded with directions to the circuit court to transfer the action to the chancery court.