SITTON *v.* BURNETT.

4-9058                                        226 S. W. 2d 544

Opinion delivered February 6, 1950.

*W. F. Reeves* and *Opie Rogers,* for appellant.

*J. F. Koonc* and *N. J. Henley,* for appellee.

Holt, J.   December 1, 1948, appellee, Burnett, a resident and taxpayer of Clinton, on behalf of himself and other parties similarly interested, brought this action alleging that appellant, Sitton, "between May, 1946, and April, 1948, while serving said city as marshal, *de facto,* was paid by the disbursing officer of said city, the sum of $3,000, $1,000 of which was in excess of the salary at which he had been employed, out of the funds collected as taxes paid to the collector of Van Buren County by the taxpayers of said city and by said collector paid into the treasury of said city;   .  .  .   that the defendant was a *de facto* officer during the time he received said sum and not legally entitled thereto; that said sum was paid to the defendant as a salary for his services as marshal in the absence of a law authorizing the payment by a city of the second class to a marshal of such a city a salary; that the defendant received and used said sum for his own benefit and refuses to return any part of it to said city."

He further alleged that appellant had used some of the money in acquiring and improving certain real property.   He sought a decree for $3,000 on behalf of the city of Clinton and a lien on the above property.

Appellant answered with a general denial.

The trial court found that appellee was entitled to recover the amount claimed, but denied his right to a lien. From that part of the decree awarding appellee $3,000, appellant has appealed. There was no cross appeal.

The facts appear not to be in dispute. Sitton was employed by the City Council of Clinton, a city of the second class, at a stipulated salary, to serve as its marshal, and served in that capacity from May 1, 1946, to April 1, 1948. He was paid for his services a total of $3,000, his salary having been increased at intervals during the period of service in the total amount of $1,000. At no time was he a resident of Clinton or a qualified elector therein. He had not been elected to the position by a vote of the people.

A phase of this case was before us recently in *Thomas* v. *Sitton,* 213 Ark. 816, 212 S. W. 2d 710, and we there held: "The city marshal of a city of the second class must, under art. 19, § 3 of the Constitution, possess the qualifications of an elector (Headnote 3). Appellee not being a resident of the city of Clinton was ineligible to hold the office of city marshal of that city (Headnote 4). The Legislature having provided that the marshal of cities of the second class shall be elected by the qualified voters of the city, the city council of the city of Clinton was without authority to employ appellee as its marshal. Pope's Digest, § 9801 (Headnote 5). Appellee being a *de facto* officer only is not entitled to the salary provided for the services of city marshal (Headnote 6)."

For reversal, appellant first argues that appellee (1) was without authority to prosecute the action, and (2) that the court lacked jurisdiction.

(1) This court in *Samples* v. *Grady,* 207 Ark. 724, 182 S. W. 2d 875, in effect held against both of these contentions. In that case in construing art. 16, § 13, of our Constitution, which provides: "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants

thereof against the enforcement of any illegal exactions whatever,'' and after reviewing many previous decisions of this court, it was held that a taxpayer, in circumstances similar in effect to the present case, had the right to bring and prosecute a suit in equity. It was there said: ''A remedy is afforded in equity to taxpayers to prevent misapplication of public funds on the theory that the taxpayers are the equitable owners of public funds and that their liability to replenish the funds exhausted by the misapplication entitle them, to relief against such misapplication. *Fergus* v. *Russell,* 277 Ill. 20, 115 N. E. 166. See, also, *McCarroll, Commissioner of Revenues,* v. *Gregory-Robinson-Speas, Inc.,* 198 Ark. 235, 129 S. W. 2d 254, 122 A. L. R. 977.''

(2)   Appellant next argues that since he was concededly a *de facto* officer, had performed the duties of the office of marshal in good faith, and there was no adverse claimant, or *de jure* officer claiming the salary, he, appellant, was entitled to said salary and could not be required to make refund.

We cannot agree.

Appellant would be correct in this contention but for the fact that we have a statute denying him the right claimed,—§ 7371, Sandels and Hill's Digest, § 14331, Pope's Digest, and now Ark. Stats. (1947), § 34-2208, which provides: ''Recovery of fees received by usurper. —Where the usurper has received fees and emoluments arising from the office or franchise, he shall be liable therefor to the person entitled thereto, who may claim the same in the action brought to deprive him of the office or franchise, or in a separate action. If no one be entitled to the office or franchise, the same may be recovered by the State and paid into the public treasury. (Civil Code, § 530; C. & M. Dig., § 10331; Pope's Dig., § 14331).''

This court in *Stephens* v. *Campbell,* 67 Ark. 484, 55 S. W. 856, in construing the effect of the above statute, announced the controlling rule as follows: ''Under the statutes of this State, an officer *de facto,* without legal

title to the office, is a usurper (*Lambert* v. *Gallagher*, 28 Ark. 451; *Wheat* v. *Smith*, 50 Ark. 266-273, 7 S. W. 161), and can be removed from office by 'an action by proceedings at law instituted against him, either by the State or the party entitled to the office.' Where he 'has received fees and emoluments arising from the office,' he is liable therefor to the person entitled thereto, who may claim the same in the action brought to deprive him of the office, . . . or in a separate action. If no one be entitled to the office, . . . the same may be recovered by the State, and paid into the State Treasury. Sandels & Hill's Digest, § 7371. The fees are not his, and he is not entitled to hold them. If he collects any fees for services rendered, he holds them at sufferance." This rule has been many times reaffirmed by this court. See *Davis* v. *Wilson*, 183 Ark. 271, 35 S. W. 2d 1020.

"Counties, cities, etc., are political subdivisions of the state, and are included in the term 'state,' which is the concrete whole. *State* v. *Levy Court*, Del., 43 A. 522, 524, 1 Pennewill, 597." (Words and Phrases, Permanent Edition, Vol. 40, page 6.)

In 93 A. L. R., page 286, the Annotator under subdivision b, "Right of public to recover back salary paid to *de facto* officers," says: "In Arkansas, the statutes provide that if no one is entitled to an office, any salary, fees, or emoluments which have been paid to a *de facto* holder thereof 'may be recovered by the state.' *Stephens* v. *Campbell*, (1900), 67 Ark. 484, 55 S. W. 856, applying Sandels and Hill's Dig., § 7371, in the case of a *de facto* police officer."

We conclude, therefore, that under the above statute, and the decisions of this court, on the record presented, the decree of the trial court was correct and must be, and is affirmed.