REVIS *v.* HARRIS.

4-9168                                         228 S. W. 2d 624

Opinion delivered April 3, 1950.

*D. B. Bartlett,* for appellant.

*Brock & Branting,* for appellee.

HOLT, J.    Appellant, Owen Revis, a resident and taxpayer of Clarksville, a city of the second class, for himself and others similarly situated, brought this action in equity, alleging in his complaint, in effect, that appellee, Sam Harris, while the Mayor of Clarksville and a member of its City Council, was, by an ordinance on July 17, 1947, "constituted, appointed, and elected to serve as Municipal Judge until the next regular election."

He further alleged that Harris served as such Municipal Judge from July 18, 1947, to April 8, 1948, receiving therefor a salary of $200 per month, or a total of $1,733.33.    That "J. W. Thompson by appointment by the City Council on January 10, 1949, is assistant treasurer, to treasurer, P. J. Haynes, to handle sewer funds exclusively * * *."    That "Sam Harris was illegally and unlawfully paid of the funds of the treasurers of the city of Clarksville and Johnson County, Arkansas, and for reason Act 128 of the Acts of 1947, did not apply to the city of Clarksville, and for the further reason that he being mayor and member of the City Council is and was prohibited by law to be appointed to a Municipal Office which is created during the term for which he is and was elected; that said ordinance was void and of no effect, and the said City Council was without authority of law, and beyond their power to pass said ordinance, or to make such appointment, and for said

reasons the said Sam Harris, was not entitled to hold said office as Municipal Judge as provided by said ordinance and was holding said office without any right and without any authority of law, which ordinance has been so declared to be unconstitutional by our State Supreme Court, and the said Sam Harris was not entitled to be paid any sum or sums out of the taxpayers' money, and were illegal exactions, and this plaintiff in behalf of himself and all others interested are entitled to recover judgment against the defendant, Sam Harris, for said sum as aforesaid, for the use and benefit of the city of Clarksville, and of Johnson County, Arkansas.

"That the defendant, Sam Harris, is and has been since he acted as Municipal Judge, continuing to make illegal exactions against the inhabitants of the said city of Clarksville, by being interested directly or indirectly in the profits of contracts of jobs for work or services performed for the city of Clarksville, Arkansas, by making contracts with and accepting employment by the defendant, J. W. Thompson, manager for the board of commissioners of the Municipality-owned Light, Water and Sewer System plants of the city of Clarksville, Arkansas, and being paid by the said J. W. Thompson for such contracts for work or jobs for his services performed for said Municipality-owned Light, Water and Sewer System plants of the city of Clarksville, Arkansas, and is also accepting appointments for profits and being appointed by the said City Council. * * *

"That on January 10, 1949, said City Council met and appointed this defendant, Sam Harris, as sewer (or plumbing) inspector of the said city of Clarksville. * * * That such appointment * * * was illegally and unlawfully made, and Sam Harris is not qualified as provided by law and he is ineligible to be appointed as such inspector, for the further reason he being mayor at the time said ordinance was established is prohibited by law to be appointed as such inspector and is not entitled to serve as such inspector or to receive any pay for his services as such inspector. * * * That plaintiff has no adequate remedy at law."

He further alleged that Harris while Mayor and ·a member of the City Council, as indicated, had unlawfully entered into certain contracts with the Municipality-owned Light and Water System of Clarksville; to perform certain work for which he was paid from city funds illegally.

His prayer was that "Sam Harris be enjoined and restrained from further contracting with or accepting employment for jobs for profit, for services performed for said City of Clarksville, and that he be further enjoined and restrained from further performing any services as Plumbing Inspector and as further performing any further services as member of the Clarksville Plumbing Board of. Examiners; that the defendant, J. W. Thompson, be enjoined and restrained from further contracting and employing the defendant, Sam Harris, and he be enjoined and restrained from further paying the defendant, Sam Harris, for any services performed for contract, for work and as Plumbing Inspector and as member of the Clarksville Plumbing Board," and that he have judgment against Harris for $1,733.33, the amount paid Harris as salary while acting as Municipal Judge, and that he recover in addition from Harris, for any other sums, illegally paid to Harris as alleged.

Harris filed "Motion to Dismiss Complaint," in effect a Demurrer. The Court treated this Motion as one to strike and decreed as follows: "That all that part of plaintiff's complaint and prayer seeking judgment against the defendant, Sam Harris, for amounts alleged paid to him while acting as Municipal Judge, and sums heretofore alleged to have been paid to him by J. W. Thompson, assistant treasurer, to P. J. Haynes, be and the same are hereby stricken, and to that extent defendant's motion is dismissed for lack of jurisdiction, and improper joinder of causes of action. It is further ordered and decreed that as to that portion of said complaint seeking injunctive relief, as to further payment, defendant's motion is overruled. Plaintiff excepted and declined to plead further, standing on his complaint, and

that the complaint as a whole is dismissed for want of equity."

This appeal followed.

There was error in so much of the decree holding, in effect, that appellant was not a proper party to bring the suit and that the Court lacked jurisdiction.

Our holding in the recent case of *Sitton* v. *Burnett*, 216 Ark. 574, 226 S. W. 2d 544, opinion delivered February 6, 1950, is controlling here.

In that case, Burnett, a citizen and taxpayer, brought suit to recover salary illegally paid Sitton by the second class City of Clinton, while serving as a *de facto* marshal. There it was alleged Burnett was not a proper party to bring the suit and that equity was without jurisdiction. We there held that Burnett, as a resident and taxpayer, was a proper party to bring this suit since taxpayers are the equitable owners of public funds and may sue to prevent any illegal exactions whatever, within the meaning of Art. 16, § 13, of our Constitution.

So here, if appellant's allegations in his complaint to the effect that appellee had been paid sums of money illegally by the City of Clarksville while acting as Municipal Judge, and for other services, without right or authority of law, were true, appellant stated a cause of action and was a proper party to initiate the suit.

Chancery had jurisdiction and the power to grant affirmative as well as injunctive relief in the circumstances. *Grooms* v. *Bartlett,* 123 Ark. 255, 185 S. W. 282.

We said in *Conner* v. *Heaton,* 205 Ark. 269, 168 S. W. 2d 399: "In the case of *Horstmann* v. *LaFargue,* 140 Ark. 558, 215 S. W. 729, this court, quoting with approval from Pomeroy Eq. Jur., § 181, said: 'If the controversy contains any equitable features, or requires any purely equitable relief, which would belong to the exclusive jurisdiction, by means of which a court of equity would acquire, as it were, a partial cognizance of it, the court may go on to a complete adjudication, and may thus establish purely legal rights, and grant legal remedies, which

would otherwise be beyond the scope of its authority,' and in 8 R. C. L. 911, § 37, the author says: 'Inasmuch as a court of equity has jurisdiction of all matters which savor of trusts, it is the proper tribunal in which to seek to enforce or preserve the beneficial interest of the public obtained through a dedication,' and the rule is well settled that 'when equity acquires jurisdiction of a cause for one purpose under *bona fide* allegations, all matters at issue will be adjudicated and complete relief afforded.' " Reaffirmed in *Goodman* v. *Powell,* 210 Ark. 963, 198 S. W. 2d 199.

Accordingly, the decree is reversed and the cause remanded for further proceedings consistent with this opinion.