4-9587                                                     243 S. W. 2d 747

Opinion delivered November 19, 1951.

D. B. Bartlett, for appellant.

J. H. Brock, for appellee.

ED. F. McFADDIN, Justice.   The appellant, as a tax-payer, seeks to recover into the public treasury moneys which he claims appellee, Harris, received in violation of law. This is the third appearance of some of the phases of the litigation, and is the second appeal of the case.

1.   Logan v. Harris, 213 Ark. 37, 210 S. W. 2d 301, was an attempt by a private citizen, in an action in the circuit court, to challenge appellee Harris' right to hold the office of municipal judge of Clarksville.   We held that only the Attorney General or the prosecuting attorney could bring such action at law,[1] under the usurpation statute.   The effect of our holding in the case was to leave Harris in office as municipal judge, but we stated in that opinion: "No judgment was entered as to the competency of appellee to serve as municipal judge."

[1] A case with similar facts and holdings is Scott v. McCoy, 212 Ark. 574, 206 S. W. 2d 440.

The opinion in *Logan* v. *Harris, supra,* was delivered by this court on March 8, 1948.

2. On September 6, 1949, appellant Revis, as a citizen and taxpayer, filed suit against appellee Harris, in the chancery court, seeking to recover into the public treasury moneys alleged to have been unlawfully received by Harris. The chancery court sustained a demurrer to the complaint and Revis appealed. Our opinion in that case was delivered on April 3, 1950, see *Revis* v. *Harris,* 217 Ark. 25, 228 S. W. 2d 624. In reversing the chancery court, and in holding that Revis could bring such a suit in equity, we said:

"So here, if appellant's allegations in his complaint to the effect that appellee had been paid sums of money illegally by the City of Clarksville while acting as municipal judge, and for other services, without right or authority of law, were true, appellant stated a cause of action and was a proper party to initiate the suit."

3. We remanded *Revis* v. *Harris* to the chancery court, and this present appeal reflects the further proceedings in the chancery court. In his answer, Harris admitted that while he was mayor he received money for services as municipal judge, and for services as a laborer for the water and light department of Clarksville; but he claimed that none of such payments was illegal. In effect there was a plea of *quantum meruit.* The case was submitted to the chancery court on an agreed statement of facts and resulted in a decree enjoining Harris "from further contracting and accepting employment from the Clarksville Light & Water Company and from performing services in any capacity for the Clarksville municipality, outside of his duties as mayor, so long as he continues in office as mayor of said City of Clarksville, Arkansas." But the decree dismissed "for want of equity" all that part of Revis' suit which sought "judgment against the defendant, Sam Harris, to repay the City of Clarksville and Johnson County for services rendered while acting as municipal judge and for services performed by contract and job work for the Clarksville Light & Water Company." From the last portion of

the decree—*i. e.*, failure of the chancery court to require Harris to repay the moneys he had received—Revis prosecutes this appeal.

The learned chancellor rendered a written opinion which has proved helpful to this Court. In the said opinion the chancellor after quoting § 19-909, Ark. Stats.,[2] said:

"Under this section it was illegal for the defendant, who was mayor, to act as municipal judge, accept employment from the city-owned and controlled Light and Water District, or make contracts therewith. The agreed statement of facts shows that he was the mayor of the City of Clarksville and that he acted as municipal judge. . . . The agreed statement of facts further shows that he made a contract with the Light and Water Commission to construct a certain water line and was paid therefor the sum of $1,787.91, and that he was an employee of the Light and Water District for a part of three years and received a total remuneration of $3,878.05 for his services so rendered. The fact is not made plain, but it appears that one-half of his salary of $200 per month as municipal judge was paid by Johnson County. . . . Plaintiff has proceeded on the theory that if the mayor's employment in any of the capacities above enumerated was illegal, then recovery would be had as a matter of course. An examination of the decisions of the Supreme Court of Arkansas discloses that this may not be true."

In reliance on *Smith* v. *Dandridge,* 98 Ark. 38, 135 S. W. 800, 34 L. R. A. N. S. 129, and *Gantt* v. *Ark. Power & Light Co.,* 189 Ark. 449, 74 S. W. 2d 232, the chancellor held that no money received by Harris could be recovered, saying:

---

[2] This § 19-909 reads:

"No Alderman or member of any Council, shall during the term for which he shall have been elected, or one year thereafter, be appointed to any municipal office which was created, or the emoluments of which shall have been increased, during the time for which he shall have been elected. No such Alderman or member shall be appointed to any municipal office, except in cases provided for in this act, during the time for which he may have been elected; nor shall any Alderman or member be interested, directly or indirectly, in the profits of any contract or job, for work or services to be performed for the corporation."

"To require the defendant to repay the City of Clarksville and Johnson County money received for services rendered while acting in good faith would be unjust and inequitable."

I. *Money Received by Harris for Services as Municipal Judge.* The agreed statement shows that Harris received from the City of Clarksville and from Johnson County, for services as municipal judge, a total of $1,733.33; and all of this was received while he was mayor of the City of Clarksville. We held in the previous appeal of this case, that Harris could not legally occupy the office of municipal judge at the time he was mayor of the city. So it follows that he was not the *de jure* judge; and the learned chancellor failed to apply and follow our holding in *Sitton* v. *Burnett,* 216 Ark. 574, 226 S. W. 2d 544. In that case, a citizen and taxpayer brought suit to recover for the public treasury, salary paid Sitton for services as *de facto* marshal. Sitton was not a *de jure* officer. In allowing recovery of such moneys into the public treasury in a taxpayer's suit we said:

"Appellant next argues that since he was concededly a *de facto* officer, had performed the duties of the office of marshal in good faith, and there was no adverse claimant, or *de jure* officer claiming the salary, he, appellant, was entitled to said salary and could not be required to make refund.

"We cannot agree.

"Appellant would be correct in this contention but for the fact that we have a statute denying him the right claimed—§ 7371, Sandels and Hill's Digest; § 14331, Pope's Digest, and now Ark. Stats., (1947), § 34-2208, which provides: '*Recovery of fees received by usurper.* Where the usurper has received fees and emoluments arising from the office or franchise. he shall be liable therefor to the person entitled thereto, who may claim the same in the action brought to deprive him of the office or franchise, or in a separate action. If no one be entitled to the office or franchise, the same may be recovered by .the State and paid into the public treasury.' "

In the case at bar Harris was only *de facto* municipal judge. He could not be a *de jure* municipal judge, because for one reason, he was mayor of the city when the office of municipal judge was created. So the money he received from the City of Clarksville and the County of Johnson should be recovered to the respective treasuries under the authority of *Sitton* v. *Burnett, supra.* To that extent we reverse the decree and remand the cause to the chancery court to enter judgment in favor of the respective governmental agencies ·for the amounts each paid to Harris for services as municipal judge and for further proceedings not inconsistent with this opinion.

II. *Moneys Received by Harris for Services Rendered to the Municipal Water and Light Plant of Clarksville.* The stipulated facts showed that Harris worked as a laborer for the Water and Light Plant of the City of Clarksville at the rate of $1 per hour and received a total of $3,878.05 during the years 1948 to 1950; and, also, that he received $1,787.91 for constructing and installing a water line to a school. The chancellor was correct in refusing Revis the prayed relief for the recovery of these amounts. The statute which appellant claims Harris violated is § 19-909, Ark. Stats., and this Court has held that the payee may retain the *quantum meruit* value received for services rendered even when there is a violation of the said section. In *Gantt* v. *Ark. Power & Light Company,*[3] 189 Ark. 449, 74 S. W. 2d 232, in discussing this statute Chief Justice JOHNSON said:

"The prohibitory statute here involved does not, in terms, declare the contract to be 'null and void.' The rule seems to be that, in the absence of the prohibitory words 'null and void' and where the contract has been performed by the parties in good faith, compensation may be retained measured by the reasonable value thereof. Such recovery, however, is not because of the con-

[3] In *Vick School Dist.* v. *New,* 208 Ark. 874, 187 S. W. 2d 948; *Gantt* v. *Ark. Power & Light Co.,* 189 Ark. 449, 74 S. W. 2d 232, was included in a list of cases in which we said *quantum meruit* had been refused. Obviously the case should not have been included in the list of those cited.

tract, but is grounded squarely upon the proposition that valuable services having been rendered which have been accepted by the parties, it would be inequitable and unjust to permit one party to substantially gain under the contract to the great and irreparable damage of the other."

Likewise, in the second appeal of *Gantt* v. *Ark. Power & Light Co.*, 194 Ark. 925, 109 S. W. 2d 1251, the late and beloved Mr. Justice HUMPHREYS, speaking for this Court, reversed the trial court judgment and remanded the cause with directions:

". . . to reinstate the complaint and to state an account between these parties taking as a basis therefor the amount they have received in operating the plant, and deducting therefrom a reasonable compensation for operating same. . . ."

At first glance, the distinction between the money that Harris received as municipal judge and the money he received for services as a laborer may not seem vital, but it is a distinction recognized by our cases. The money, paid Harris for serving as municipal judge, was paid to him for services "*as an officer,*" and these sums are recoverable under *Sitton* v. *Burnett, supra*. The money, paid Harris for services as a laborer and for the construction of a pipe line to the school, was not paid to him for services as an officer. It was wrong for Harris to receive any of these sums because he was mayor of the City of Clarksville; but the Legislature has not made such payments to be null and void, so Harris may keep the *quantum meruit* value of his services rendered to the water and light plant as laborer and for constructing the pipe line. There is no claim made that he received more than fair value for services as day laborer, or that the amount paid him for laying the pipe line was more than the value on the *quantum meruit* basis. So it follows that the chancellor was correct in refusing to decree that Harris should return the moneys he received from the water and light plant either for services as a laborer or for laying the pipe line; and as to these items the decree is affirmed.

But as to the moneys received by Harris as municipal judge the decree is reversed and the cause is remanded for further proceedings as herein stated.