** Summary **
COMMUNITY JUNIOR COLLEGES — NOT POLITICAL SUBDIVISIONS OF STATE Community junior colleges established pursuant to 70 O.S. 4401 [70-4401] — 70 O.S. 4418 [70-4418] (1971) are to be considered political subdivisions of the State of Oklahoma and, therefore, may elect to become participating members under the Oklahoma Employment Security Act. The Attorney General has considered your opinion request wherein you ask the following question: "Under the Oklahoma Employment Security Act, Title 40 O.S. 238 [40-238] (1971), are community junior colleges to be construed as State instrumentalities or political subdivisions of the State?" It is our understanding that if such community junior colleges are deemed to be State instrumentalities then such colleges are automatically covered by the act. However, if such junior colleges are construed to be political subdivisions, then they have the right to elect to be covered under Section 238. Title 40 O.S. 238 [40-238] (1971), states in part: "Any political subdivision of this state may elect to cover under this act service performed by employees in all of the institutions of higher education and hospitals . ., . operated by such political subdivisions." In defining the term " political subdivision " we refer you to Dugas v. Beauregard,236 A.2d 87, at page 89. "The attributes which are generally regarded as distinctive of a political subdivision or that it exists for the purpose of discharging some function of local government, that it has a prescribed area, and that it possesses authority for subordinate self government through officers selected by it." See also Sachem's Head Property Owners' Association v. Town of Guilford,112 Conn. 515, 517, 152 A. 877; State ex rel Malkin v. McMahon, 88 Conn. 461, 463, 469, 91 A. 445; Warren McQuillin, Municipal Corporations (3rd Ed.) 2-07. Political subdivisions have been defined as that "they embrace a certain territory and its inhabitants, organized for the public advantage and not in the interest of particular individuals or classes; that their chief design is the exercise of governmental functions; and that to the electors residing within each is to some extent committed the power of local government, to be wielded either mediately or immediately within their territory for the peculiar benefit of the people there residing." Arkansas State Highway Commission v. Clayton, 292 S.W.2d 77. See also Allison v. Corker, 52 A. 362, 365, 60 L.R.A. 564 and Maurice H. Merrill, 23 O.L.R. 349, 354 (1970). Oklahoma law has been interpreted to include counties, cities, and school districts within the definition of political subdivision. "The County of Mayes like the City of Oklahoma City is a political subdivision of the State of Oklahoma. As a political subdivision each may acquire property and maintain control or dispose of it in the manner provided by law. . . The property of the city or county is not the property of the State of Oklahoma." (Emphasis added) Smith v. State, 381 P.2d 900, 903. Towns and school districts are expressly defined as subdivisions of the State in the Oklahoma Constitution, Article X, Section 26: ". . . No county, city, town, township, school district, or other political corporation, or subdivision of the State, shall be allowed to become indebted . . . without the assent of three-fifths of the voters . . . ." (Emphasis added) Historically, community junior colleges have been the creation of local area development. The legislation relating to the establishment and maintenance of community junior colleges is found in Title 70 O.S. 4401 [70-4401] — 70 O.S. 4418 [70-4418]. Section 70 O.S. 4402 [70-4402] [70-4402] partially states: "A community junior college may be established only when application therefor has been made to the State Regents by the governing board or boards of one or more cities, counties, towns, and/or school districts having territory in such community . . . The application shall describe the boundaries of the community in which the community junior college will be established and maintained. The word 'community' as used herein shall mean the area set forth in the application." (Emphasis added) Section 70 O.S. 4403 [70-4403] states in part: "(a) If, after considering any such application, the State Regents determine as a result of a survey that there is a need for a junior college in the community and that a junior college meeting the criteria and standards fixed by the State Regents can be maintained in the community they shall issue a proclamation calling an election to be held in the community, to allow legal voters residing in the community to vote on the question of whether a junior college shall be established and maintained in the community. . . If a majority of the legal voters residing in the community, voting on the question, shall have voted in favor of establishing and maintaining the proposed junior college, the State Regents shall issue an order authorizing the junior college. . . ." Further, Section 70 O.S. 4404 [70-4404] provides that the Board of Trustees, the governing board of the respective community junior college, shall be composed of seven members who are qualified electors of the junior college district. As the terms of the members of the board expire, an election will be held in the community to select the successor for that member. Such elections are to be conducted by the County Election Board of the county having the greatest part of the territory in the community. In addition, Section 4404 requires that if vacancies occur, such vacancies shall be filled by the remaining members of the board, for the unexpired term. Title 70 O.S. 4405 [70-4405] (1971) enumerates the powers and duties of the junior college board of trustees. "The governing board of a community junior college shall have the supervision, management, and control of the community junior college, and shall have the following additional specific powers and duties. "a. Adopt such rules and regulations as it deems necessary to govern the community junior college. "b. Employ and fix the compensation and duties of such personnel as it deems necessary for the operation of the community junior college; and establish appropriate policies of retirement, group insurance, and other staff benefits as provided for employees of other public colleges in Oklahoma. "c. Purchase, construct, or rent such buildings as it deems necessary for the operation of the community junior college. "d. Enter into contracts, purchase supplies, materials, and equipment, and incur such other expenses as may be necessary to make any of its powers effective. "e. Receive and make disposition of monies, grants, and property from federal agencies and the State, and administer the same in accordance with federal and state requirements. "f. Accept gifts of real and personal property, money, and other things, and to use or dispose of the same in accordance with the direction of the donors or grantors thereof. "g. Establish a schedule of student fees to pay all or part of the cost of operation of the college, which schedule of fees must bear the approval of the State Regents. "h. Do all things necessary or convenient to carry out the powers expressly granted to it, or to make the community junior college effective for the purposes for which it is maintained and operated." Section 4407 requires the junior colleges to be accredited by the State Regents; and Section 4412 gives the State Regents the authority to assist capitol improvements of said junior colleges up to forty percent with the remaining sixty percent to be provided from federal and/or local community funds. Section 70 O.S. 4415 [70-4415] gives the board of trustees the power to issue general obligation bonds in the same manner as bonds are issued by independent school districts, and cause taxes to be levied against all taxable property in the community to meet payment of principal and interest of the bonds. In determining whether a community junior college is a political subdivision or whether it is a state instrumentality, the main issue becomes one of who has the ultimate control and power concerning community junior colleges — the State of Oklahoma or the political subdivisions such as counties, cities, towns and school districts. The laws of the State of Arkansas are in accord with Oklahoma law and the case authority which states that counties, cities, towns and school districts are political subdivisions of the State. See Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 544 (1970). The Arkansas Supreme Court has considered the question of whether the heirs of a deceased high school instructor could qualify for State Workmen's Compensation benefits. The heirs maintained that the school district was a state agency; that the teacher was a state employee and therefore, they were entitled to benefits under the Workmen's Compensation Statute. The Court held to the contrary and stated: "We have concluded that a school district is not an agency of the state as referred to in Act 462 of 1949, and its employees are not state employees. There are many distinctions between those employed by state institutions of learning, and those employed by school districts. The faculty of state supported colleges is employed by a board of directors, appointed by the governor of the state. School teachers are employed by school boards whose members are elected by the people of that school district. The state supported colleges serve the people of the entire state, while the school district serves only those within its school district boundaries. Funds for the universities and colleges are derived from state-wide revenues, with no assistance from local taxes, whereas school districts levy millage for the support of their respective schools. However, the vital difference, heretofore mentioned, is the seat of control. For colleges, control is in the state; for high schools and grade schools, control is local, and rests in the local board, subject to the will of the people." Muse v. Prescott School District, 233 Ark. 789,349 S.W.2d 329, 330 (1961). Title 70 O.S. 4401-4418 [70-4401-4418] clearly emphasize the local control by governing boards of counties, cities, towns and school districts in the establishment of community junior colleges. An election is held in the community to decide whether a junior college shall be established; the board of trustees is composed of local electors; the board of trustees has general supervision, management, and control; the community is primarily responsible for funding capitol improvements; and the board of trustees may issue bonds and levy taxes. It is, therefore, the opinion of the Attorney General that your question be answered as follows: community junior colleges established pursuant to 70 O.S. 4401 [70-4401] — 70 O.S. 4418 [70-4418] are to be considered political subdivisions of the State of Oklahoma and, therefore, may elect to become participating members under the Oklahoma Employment Security Act. (Larry L. French)