**FLEMING, et al v. KIMMEL, et al.**

No. 75 38 CA.

Circuit Court, St. Lucie County.

June 20, 1975.

Littman & Biggs, Stuart, for the plaintiffs.

Thurlow & Thurlow, Stuart, for the defendants Kimmel, Kavanaugh, Nottley & Beardsley.

Neill, Griffin, Jeffries & Lloyd, Fort Pierce, for the City of Port St. Lucie and Messrs. Thompson, Lewis and McChesney.

Crary, Buchanan & Meginniss, Stuart, for the First National Bank and Trust Co. of Stuart.

JAMES E. ALDERMAN, Circuit Judge.

*Final judgment:* Plaintiffs, on behalf of themselves and all other citizens and taxpayers in the city of Port St. Lucie bring this class action pursuant to Rule 1.220, Florida Rules of Civil Procedure. The cause came on for final hearing upon the issues contained in Counts II, III and IV of the complaint. The court has considered the testimony of witnesses, the stipulations of fact entered into by the parties and the written and oral arguments of counsel.

## COUNT II

The court is asked to determine whether City Councilman Lawrence D. Kimmel unlawfully occupied the position of city engineer and whether City Councilman Franklin Beardsley unlawfully occupied the position of office manager or head of the department of general government of the city of Port St. Lucie. The court is further asked to order Lawrence D. Kimmel and Franklin Beardsley to repay to the city any monies paid to them as salaries for these positions.

Councilman Kimmel was employed as city engineer on June 1, 1974, and served in that capacity until February 3, 1975. For his services as city engineer, he was paid a salary totaling $4,000. During the time he was city engineer, he also served as councilman for the city of Port St. Lucie and received his regular salary therefor. Councilman Beardsley was employed as office manager or head of the department of general government, the two titles being used interchangeably. He served in that capacity from April 1 until December 31, 1974, and was paid a salary totaling $1,800. During this time he also served as councilman for the city and received his regular salary therefor. Kimmel and Beardsley were both appointed to their respective positions by the city council of which they were a part.

Plaintiffs first contend that Kimmel and Beardsley violated Article II, §5(a), of the Florida Constitution, which provides in part as follows —

". . . No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein . . ."

The initial question is whether or not Kimmel and Beardsley were holding more than one "office" under the government of the city of Port St. Lucie. It has been held that the word "officer" implies a delegation of a portion of the sovereign power of the state to, and the possession of such power by, the person filling the office. The word "office" usually embraces ideas of tenure, duration, emolument, duties and responsibilities imposed by law, a public trust to be exercised usually with some degree of discretion and judgment, in behalf of the government. On the other hand public "employment" as distinguished from "public office", does not authorize exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature. Glendinning v. Curry, 14 So.2d. 794 (Fla. 1943). Kimmel and Beardsley were both serving at the pleasure of the city council. Each performed administrative functions and had no right by virtue of their positions to exercise any of the municipal powers of the city. The court concludes that Councilmen Kimmel and Beardsley were employees of the city and did not hold an additional "office" as prohibited by Article II, §5(a), of the Florida Constitution.

However, this finding is not determinative of the issue. Plaintiffs alternatively contend, even if the constitutional prohibition is not applicable, that common law rules still in effect in Florida control. The applicable law has been stated by the Attorney General in his Opinion 070-46, as follows —

"At common law, all officers who have the appointing power are disqualified for appointment to the offices or positions to which they may appoint. [Citations] The reasons for the public policy rule in this respect have been variously stated: In Wood v. Whitehall, 1923, 197 N.Y.S. 789, the court said that such an appointment is against good conscience and public morals; in Hetrich v. County Commissioners of Anne Arundel County, Md. 1960 159 A.2d. 642, 645, the prohibition was grounded on the need for impartial action without suspicion of bias; and in Ehlinger v. Clark, Tex. 1928, 8 S.W.2d 666, the court said that the rule was based on 'the obvious incompatibility of being both a member of a body

making the appointment and an appointee of that body...'"
This earlier opinion has been affirmed and reinforced by AGO 072-384, which held that a city council may not appoint one of its

own members as chief of police; AGO 073-359, which held that a county commission may not appoint one of its own members to serve as supervisor of a water and sewer district; and most recently, AGO 075-60, holding that an appointment by a board of county commissioners of one of its own to the county's industrial development authority would be contrary to the common law rule.

The conclusion is inescapable. The employment of Kimmel and Beardsley by the city of Port St. Lucie was contrary to the law of Florida. They contend, however, that even if unlawfully employed they are entitled to retain the salaries paid to them. Their rationale is based upon the premise that one who performs actual services may be entitled to retain the quantum meruit value of his services. Each presented testimony showing that in his appointive position, he performed services for the city of Port St. Lucie at least equal in value to the salary paid.

They each rely upon the Arkansas case of Revis v. Harris, 243 S.W. 2d. 747 (1951). In that case, the Arkansas court held that where the mayor of a city received money for his services as laborer at the municipal water and light plan and for construction of a pipeline to a school, the quantum meruit value of such services could not be recovered into the public treasury but could be kept by him. That case is not controlling in Florida, and in any event it is factually distinguishable from the present case. Kimmel and Beardsley were members of the Port St. Lucie City Council which appointed them, which established their duties and set their salaries, and to which they were directly responsible for the performance of their duties. Without doubt the employment of Councilmen Kimmel and Beardsley was improper. The applicable common law rules have been repeatedly stated in the Attorney General's opinions referred to above. These opinions were matters of public record and readily available to the members of the city council and their attorney.

The court holds that Councilmen Kimmel and Beardsley were unlawfully appointed and that they cannot now retain the fruits of their unlawful employment. To allow them to keep their salaries upon the theory of quantum meruit would condone and approve ex post facto, their illegal action. Such a ruling might encourage members of other public bodies to illegally appoint themselves to remunerative positions, anticipating that they could receive and retain the benefits therefrom. Public officials should not be allowed to benefit from their wrongdoing. This is true even where, as in this case, the governmental body receives some benefit from the employment.

It is thereupon ordered and adjudged that Lawrence D. Kimmel is indebted to the city of Port St. Lucie, Florida, in the amount of $4,000, for compensation unlawfully received by him as city engineer of the city of Port St. Lucie, and he is hereby ordered and directed to pay to the city of Port St. Lucie, the sum of $4,000 within 30 days of the date of this judgment.

It is further ordered and adjudged that Franklin Beardsley is indebted to the city of Port St. Lucie, Florida, in the amount of $1,800, for compensation unlawfully received by him as office manager or head of the department of general government of the city of Port St. Lucie, and he is hereby ordered and directed to pay to the city of Port St. Lucie, the sum of $1,800 within 30 days of the date of this judgment.

## COUNT III

This portion of the suit involves an attack on the city of Port St. Lucie's pension plan as it affects the rights of the defendants Lawrence D. Kimmel, Franklin Beardsley, Harold W. Nottley, Mrs. Grace E. Kavanaugh and Rupert J. Smith. The pension plan was initially established by Ordinance 74-1, which became effective on January 22, 1974. The ordinance was subsequently amended by Ordinance 74-18 on September 11, 1974. Plaintiffs challenge the portion of the plan which allowed retirement of elective officers after eight years of service or attainment of age sixty-five, whichever later occurred, at a minimum retirement benefit of $200 per month. Plaintiffs also contest the inclusion of the city attorney in the pension plan. The defendant, First National Bank and Trust Company of Stuart, is trustee of the pension trust fund, having agreed to manage and administer the trust funds provided by the city in accordance with trust agreements between the bank and the city. A temporary restraining order was entered by this court on February 3, 1975, restraining the bank from making any disbursement of funds from the trust fund to third parties until this court made a final determination as to the rights of the parties in this cause.

The first question to be determined is whether or not the city council had authority to establish the pension plan in question. Article 8, §2(b), of the Florida Constitution provides as follows —

"(b) *Powers*. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective."

Subsequent thereto the legislature enacted the "Municipal Home Rule Powers Act", which is presently Florida Statutes §166.021(1), as follows —

> "As provided in Article 8, Section 2(b) of the state constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law."

It does not appear that the establishment of pension plans by municipalities has been expressly prohibited by law. In fact, the contrary appears. As stated by the legislature in Florida Statutes §121.20(1) —

> "(1) The intent of the legislature is to authorize and direct each city and town to provide a system of retirement for elected officials, but it is further the intent that each city or town may determine whether the system shall be contributory or noncontributory."

Based on the foregoing, it is the court's opinion that the city of Port St. Lucie, through its city council has the auhority to adopt a municipal pension plan.

Plaintiffs argue that even if the city has the authority to adopt a municipal pension plan the plan herein should be declared invalid because it is not reasonable. The Florida courts have consistently applied a standard of great caution in declaring a municipal ordinance unreasonable. The burden is imposed not upon the city or those supporting the ordinance to prove it is reasonable, but upon the challengers to show its unreasonableness. Where an ordinance, as in this case, is within the power of the city to enact, it will be presumed to be reasonable unless "its unreasonable character appears on its face." City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957). In the court's opinion the municipal pension plan enacted by Ordinance 74-18 was a valid exercise of the municipal legislative power and is not so unreasonable as to be invalid.

The court must now consider the rights of the various defendants under the pension plan. Defendant, Grace E. Kavanaugh, is the widow of former City Councilman Eugene Kavanaugh. Mr. Kavanaugh became a member of the city council on December 8, 1964, and continuously served on the council until his death on May 7, 1974. At the time of his death he had satisfied all conditions of Ordinance 74-18 to be eligible under said pension plan. De-

fendant, Grace E. Kavanaugh, is entitled to receive death benefits under the pension plan as the surviving beneficiary of Eugene Kavanaugh. On October 22, 1974, she received $15,000 as partial payment of her survivor's benefits. The remaining balance due was not paid because of the temporary restraining order entered by the court. The First National Bank and Trust Company of Stuart is hereby authorized to pay the remaining balance due to Grace E. Kavanaugh as the surviving beneficiary of Eugene Kavanaugh, deceased.

The defendant, Harold W. Nottley, began serving as city councilman on April 3, 1967, and continuously served in such capacity until his retirement on December 1, 1974. On January 1, 1975 Mr. Nottley received his first monthly pension payment of $200, and was to receive payments on the first of each month thereafter, but subsequent payments have not been made as a result of the temporary injunction issued by the court.

Councilman Franklin Beardsley began serving as city councilman on April 3, 1967, and continually served in that capacity until his retirement on December 31, 1974. On February 1, 1975 Mr. Beardsley was to have begun receiving his monthly pension payments of $200 per month. None of these payments have been made because of the temporary injunction issued by the court.

Plaintiffs contend that Councilmen Nottley and Beardsley are not qualified to receive their pensions because they did not serve eight years in office. It has been stipulated that Mr. Nottley served seven years, eight months, and Mr. Beardsley served seven years, nine months. However, for purposes of calculating their service under the Port St. Lucie pension plan, they qualify under §16 of Ordinance 74-18, which states as follows —

> "For the purpose of computing retirement individuals defined in 2(d) shall be credited for one year service toward retirement if such individual has served over one-half year in which retirement is taken."

Both Mr. Nottley and Mr. Beardsley are eligible for pension benefits as provided by Ordinance 74-18. The First National Bank and Trust Company of Stuart is authorized to pay to them their pension benefits now due and which may hereafter come due in accordance with Ordinance 74-18.

As to the defendant, Rupert J. Smith, plaintiffs contend that as city attorney he was not eligible to be included in the city pension plan. In the court's opinion, it was within the authority of the city council to include the city attorney. Mr. Smith has resigned as city attorney with more than ten years service, however he has not

attained the age of sixty-five and is therefore not as yet qualified to receive his pension. Section 3(f) of Ordinance 74-18 provides —

"Each member of the retirement system shall be vested with the sum on deposit in the retirement trust fund at the rate of ten percent (10%) per year of service. After ten years service there shall be one hundred percent (100%) vesting. However, when any member reaches normal retirement age he or she shall be one hundred percent (100%) vested."

Mr. Smith having more than ten years of service is therefore 100% vested. The First National Bank and Trust Company of Stuart is authorized to pay under the terms of Ordinance 74-18 whatever pension benefits might hereafter become due to Rupert J. Smith.

A different situation is presented in the case involving Lawrence D. Kimmel. Mr. Kimmel is still a member of the city council of Port St. Lucie. Ordinance 74-18, on February 11, 1975, was amended by Ordinance 75-3. The amended ordinance provides that any elected officer who has held office for a period of twenty years or more consecutively, may resign or retire and receive for the remainder of his life, one-half of his salary at the time of his resignation or retirement. However, such question is not presently before the court. The only determination which the court makes at this time is that under §3(f) of Ordinance 74-18, Mr. Kimmel has a 40% vested right to the sums deposited on his behalf in the Port St. Lucie Retirement Trust Fund by virtue of his having been a member of the city council for over four years.

The temporary injunction previously entered by the court in this case, restraining the First National Bank and Trust Company of Stuart from making any payments from the pension trust fund, is hereby dissolved. The First National Bank and Trust Company of Stuart may make whatever payments are due under the terms of the pension plan and which are authorized by law.

## COUNT IV

This portion of the law suit deals with an $1,800 payment made by the city to former Councilman Harold W. Nottley. Councilman Nottley resigned from the city council on December 1, 1974, and was paid the sum of $1,800 as "severance pay". This payment was based upon Ordinance 73-5, which provided that councilmen could receive severance pay on the basis of one month's pay for each year of service. Other employees were to be paid "severance pay" at the rate of one-half month's pay for each year of service. It also provided that total payments could not exceed six months. The resolution in question was subsequently repealed on December 24,

1974. The only "severance pay" paid under this ordinance was to Mr. Nottley. Councilman Beardsley, who also resigned prior to the expiration of his term, did not receive "severance pay" and has stipulated in this proceeding that he will make no such claim.

Plaintiffs contend that there is no legal basis for "severance pay" to an elected official upon his resignation from office. The first question is whether or not the city has the power to enact an ordinance providing for "severance pay" for its elected officials and employees. In the court's opinion, under the "Municipal Home Rule Powers Act", Florida Statutes §116.021(1), the city has the power to enact a reasonable ordinance providing for "severance pay".

The question then is whether or not the ordinance in question was a valid exercise of authority. On its face, the ordinance discriminates in favor of elected officials and against other employees of the city. City employees under the ordinance would receive severance pay at the rate of one-half month's pay, whereas councilmen would receive a full month's pay for each year of service. The unreasonableness of the ordinance as it applies to elected officials is further demonstrated by the fact that Mr. Nottley received more money as severance pay than he would have if he had served the remainder of his term and received his full salary. Four months remained on his elected term and if he had not resigned he would have been entitled to draw his councilman's salary of $300 a month, or a total of $1,200. By resigning four months early he received the equivalent of six months' salary, or $1,800. There is no rational basis or justification for this discrimination in favor of elected officials. In the court's opinion, the unreasonable character of Ordinance 73-5 appears on its face and its enactment was not valid. It follows then that the $1,800 paid to Harold W. Nottley was an improper and illegal payment of municipal funds.

It is thereupon ordered and adjudged that Harold W. Nottley is indebted to the city of Port St. Lucie, Florida, in the amount of $1,800 for money improperly paid to him as "severance pay" when he retired as councilman of the city of Port St. Lucie, and he is ordered and directed to pay to the city of Port St. Lucie, the sum of $1,800 within 30 days of the date of this judgment.

### Order taxing costs

Court costs of the plaintiffs are taxed against the defendants Lawrence D. Kimmel, Franklin Beardsley and Harold W. Nottley, the amount of which will be determined by the court at a subsequent hearing upon motion and after notice.