The Honorable George Hopkins State Senator Box 78, Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion regarding a mayor's residence outside the city limits. This involves the major of a city of the first class. You have asked for my opinion regarding the legality of his residence, as well as his current receipt of pay and benefits.
I have enclosed a copy of Attorney General Opinion Number 88-208 which addresses the legality of a mayor's residence outside the boundaries of a first class city. It was concluded therein that a person is not eligible for the position of mayor unless he or she is a resident of the city. It was also noted, however, that the question of residency is ultimately one of fact, to be ascertained by statements and conduct of the person involved.
With regard to the person's current receipt of pay and benefits, it must be recognized, as noted in Opinion No. 88-208, that the mayor's removal of his residence from the city following election or appointment will not necessarily create a vacancy if he was eligible upon taking office. An intention to abandon an office must be clearly shown. The mayor is, otherwise, a "de facto" officer. See, e.g., Gadson [Gladson] v. Wilson, 196 Ark. 996, 120 S.W.2d 732
(1938). A "de facto" officer may, as a result of legal proceedings, be responsible for fees or emoluments arising from the office. See Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 544
(1950); Revis v. Harris, 219 Ark. 586, 243 S.W.2d 747 (1951). Until that time, however, a "de facto" officer is entitled to payment of compensation and expenses.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.