The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion on the following question:
 Can a full time employee of the Judsonia Water 
Sewer Department run as an independent for a position on the city council; or can he serve if elected?
It is my opinion that the individual in question, although not prohibited from running for council member, would be prohibited from holding office, if elected, while still being employed and paid by the Judsonia Water Sewer Department.
I have found no statute prohibiting such person's candidacy for city council member. With regard to such person's service as a council member, however, it should be noted that A.C.A. §14-42-107 provides in pertinent part that:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
This statute was held in Revis v. Harris, 219 Ark. 586,243 S.W.2d 747 (1951) to prohibit the mayor of a city from receiving compensation as a laborer for the city water and light plant. This holding was cited with approval in Davis v. Doyle,230 Ark. 421, 323 S.W.2d 202 (1959). As can be seen from the statute above, its provisions would apply to council members as well as the mayor.
Although the language of the statute has been amended since the issuance of these two opinions of the Arkansas Supreme Court, it is my opinion that employment of a council member by the city is prohibited as well by the amended language of the statute. It should be noted, additionally, however, that one of the amendments to the statute allows the city to pass an ordinance authorizing the interests of council members in contracts of the city. The situation you describe could therefore presumably be sanctioned by city ordinance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh