The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This opinion is being issued in response to the following question, which you have presented:
 Can a mayor who is not a resident of a city serve as mayor of that city?
It is my opinion that a mayor who is not a resident of a city may not serve as mayor of that city.
Article 19, § 3 of the Arkansas Constitution requires that all persons who are elected to any office must possess the "qualifications of an elector." The Arkansas Supreme Court has interpreted the requirement of "qualifications of an elector" to include a requirement of residence in the political subdivision in question. See Thomas v. Sitton,213 Ark. 816, 212 S.W.2d 710 (1948).
The court has recognized that the term "residence" can be rather nebulous, in that a person can conceivably have more than one residence, or can have a temporary residence. See Davis v. Holt, 304 Ark. 619,804 S.W.2d 362 (1991). In construing the term "residence" for purposes of applying Article 19, § 3 of the Arkansas Constitution, however, the Arkansas Supreme Court appears to have equated "residence" with "domicile." Davis, supra; Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972). The term "domicile" reflects the idea of both physical presence and an intent to remain permanently. Davis, supra;Black's Law Dictionary at 435 (5th ed., 1979); Op. Att'y Gen. No.94-208.
It should be noted that the question of domicile (and therefore the question of residence in the context of Article 19, § 3) is one of fact that must be determined on the basis of all of the relevant factors.Davis, supra; Charisse, supra. One of the most important factors to be considered in determining a person's domicile (i.e., residence) is intent. Id. I have previously opined that other factors that are relevant to this consideration are location of residence ownership; voter registration information; location of the exercise of voting rights; location of personal property tax assessment; and other statements and conduct of the person involved. See Op. Att'y Gen. No. 88-208.
I must therefore conclude that in order to be elected to the office of mayor, the candidate must be a resident of the city in which he or she wishes to be mayor.
It should also be noted that a mayor's change in residence during the term of office to a location outside of the city does not automatically create a vacancy in the office. An intention to abandon an office must be clearly shown in order to establish a vacancy. The mayor is otherwise a "de facto" officer. See, e.g., Gladson v. Wilson, 196 Ark. 996,120 S.W.2d 732 (1938). A "de facto" officer may, as a result of legal proceedings, be responsible for fees or emoluments arising from the office. See Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 544 (1950); Revisv. Harris, 219 Ark. 586, 243 S.W.2d 747 (1951). Until that time, however, a "de facto" officer is entitled to payment of compensation and expenses.
Nevertheless, I conclude that a mayor must be a resident of the city for which he or she wishes to be mayor. Accord, Ops. Att'y Gen. Nos. 93-103, 89-251, and 88-208.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh